IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00968-DME-KLM

KATHLEEN CHYTKA,

    Plaintiff,

v.

WRIGHT TREE SERVICE, INC.,

    Defendant.
_____

**ORDER**
_____

This matter is before the Court on Plaintiff's (1) **Motion for Multiple Requests** [Docket No. 26; Filed Nov. 14, 2011] ("Motion No. 26"), (2) **Motion to Amend** [Docket No. 28; Filed Nov. 29, 2011] ("Motion No. 28"), (3) **Motion for These Subpoenas** [Docket No. 29; Filed Nov. 29, 2011] ("Motion No. 29"), (4) **Motion to Be Able to Hire a Paralegal** [Docket No. 30; Filed Nov. 29, 2011] ("Motion No. 30"), (5) **Motion to Amend Amended Complaint** [Docket No. 32; Filed Nov. 29, 2011] ("Motion No. 32"), and (6) **Motion for Legal Advice** [Docket No. 33; Filed Nov. 29, 2011] ("Motion No. 33") (collectively, the "Pending Motions").  Plaintiff is proceeding *pro se*, thus the Court construes her pleadings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the above Motions are additional examples of Plaintiff's failure to understand and/or follow clear directions of the Court.  This Order will be the Court's *final attempt* to explain general rules of procedure to Plaintiff.  Any further communications from Plaintiff which do not comply with applicable rules will be **summarily**

1

**stricken.**

### A. Background

After the filing of Plaintiff's Complaint in this matter, her attorney was permitted to withdraw from representing her. [Docket No. 20]. Plaintiff's former counsel stated, in the Motion to Withdraw, that his request to withdraw was "based upon [Plaintiff's] failure to effectively communicate with her counsel's office." [Docket No. 16]. Shortly after her attorney's withdrawal, Plaintiff, proceeding *pro se*, began to communicate with the Court by letter. In declining to lodge Plaintiff's first letter on the docket, the Court informed Plaintiff in a written Order that "any request for relief or other communication (other than in pursuit of settlement) must be made by motion served on all parties." [Docket No. 22].

At the time of the initial scheduling conference in this matter, which was held on October 27, 2011, Plaintiff had failed to prepare and file a proposed Scheduling Order, in violation of D.C.COLO.LCivR 16.1. Plaintiff and defense counsel appeared in person for the initial scheduling conference. At that time, the Court explained to Plaintiff that she was obligated to prepare a form of Scheduling Order and provided her with a copy of the form of Scheduling Order available on the Court's website. [Docket No. 24]. The Court further read to Plaintiff its "Letter to Pro Se Litigants," and provided her with a copy of the Letter. [Docket No. 24]. The Letter clearly informed Plaintiff that if she wanted "the Judge to do something in [her] case, [she] must file a motion asking the Judge to do it and explaining why [she] wants it done. The Judge does not respond to letters or any other form of request except motions." [Docket No. 24, Attachment 1, ¶ 5]. The Letter also clearly informed Plaintiff that "the Judge and her law clerks are not allowed to give [Plaintiff] legal advice." [Docket No. 24, Attachment 1, at ¶ 11].

After the Court read the Letter to Pro Se Litigants to Plaintiff at the initial scheduling conference, Plaintiff was afforded an opportunity to ask questions about it. The questions she asked were answered by the Court. Thus, Plaintiff has received fair notice of the Court's general rules, and has had an opportunity get answers regarding those rules.

### B. Current Case Status

Nevertheless, since the date of the original scheduling conference, Plaintiff has repeatedly failed to follow the instructions and Orders of the Court. She failed to adequately participate in a Rule 26(f) conference. [Docket No. 25 at 1, 6]. She failed to provide her position regarding discovery limitations and other matters addressed in the proposed Scheduling Order, which was due to be filed with the Court on November 10, 2011. [Docket No. 25 at 13]. She sent more letters to the Court [Docket Nos. 26 and 33]. She filed the pending motions, none of which indicates that it has been served on defense counsel, and the most recent of which contains several inappropriate requests for legal advice. [Docket Nos. 26, 28, 29, 30, 32 and 33].

### C. Order Regarding Pending Motions

**This Order will be the last warning the Court will issue to Plaintiff**. As Plaintiff has repeatedly been told, she must abide by the law and rules of this Court. If she fails to abide by the law and rules of this Court, the Court may recommend that her case be dismissed. Plaintiff is reminded of the following rules:

1. Even though Plaintiff is proceeding without an attorney, she is required to follow the Federal Rules of Civil Procedure and the Local Rules of Practice in this district. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Those rules govern how to obtain

information from Defendant and non-parties through discovery, among other things.

2.  The Court cannot and will not give Plaintiff legal advice (for example, regarding why defense counsel is requesting her disclosures, whether she is permitted to obtain information from Defendant, how to get a copy of her personnel file, whether she can "request a vocal specialist," when she can go to Defendant's office to obtain documents, or how to properly serve a subpoena to obtain documents).

3.  The Court cannot and will not give Plaintiff practical advice (for example, whether she can "hire a paralegal to help [her] with the [sic] filling out forms and things on this case").

4. The Court will not send Plaintiff "a letter stating it is ok for [her] to do these things" or direct anyone else to send her such a letter.

5.  Plaintiff must file <u>motions</u> if she wants the Court to take action in her case.  The Court will no longer respond to letters.  **All letters filed by Plaintiff or sent directly to the Magistrate Judge will be summarily stricken from the record.**

6.  All motions filed by Plaintiff must clearly set forth the relief she is seeking and why she is seeking it.  If Plaintiff wishes to amend her Complaint, she must file a Motion for Leave to Amend <u>and a copy of her proposed Amended Complaint</u>.  Motions which are unintelligible (for example, Docket Nos. 28 and 32) will be summarily denied.

7.  If Plaintiff is unwilling or unable to prosecute her case, she may obtain a duly-licensed and admitted attorney to represent her, or voluntarily dismiss her case.

For the foregoing reasons, IT IS HEREBY **ORDERED** that Motions No. 26, 29, 30 and 33 are **denied with prejudice**, and Motion Nos. 28 and 32 are **denied without**

**prejudice.**

Dated:  December 1, 2011

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge