IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00968-REB-KLM

KATHLEEN CHYTKA,

    Plaintiff,

v.

WRIGHT TREE SERVICE, INC.,

    Defendant.
_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Extension of Time to Extend Discovery** [Docket No. 63; Filed April 24, 2012] (the "Motion to Extend"); on Plaintiff's **Motion for Discovery** [Docket No. 64; Filed April 24, 2012]; and on Plaintiff's **Motion for Order to Keep the 30(6)(b) on the EEOC and Bryan Kuhn and Give Other Interrogatories Under Rule 33** [Docket No. 65; Filed April 24, 2012] (the "Motion for Order").

    With respect to the Motion to Extend [#63], the Court has repeatedly reminded Plaintiff, who is proceeding *pro se*, that she must comply with D.C.COLO.LCivR 7.1A. *See* [#36, #42, #45, #52]. Again, that Local Rule states:

> The Court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter.

Thus, Plaintiff must speak to opposing counsel about her requests to the Court before she files motions, unless, as the Local Rule states, such motion is made pursuant to Federal Rule of Civil Procedure 12 or 56, which involve motions to dismiss and motions for summary judgment. Plaintiff must also tell the Court in her motions whether opposing counsel opposes the relief she requests or whether opposing counsel agrees to the relief she requests. Accordingly,

1

IT IS HEREBY **ORDERED** that the Motion to Extend [#63] is **DENIED WITHOUT PREJUDICE**. Plaintiff may again file her request for an extension of time after she has spoken with opposing counsel about her request.

With respect to the Motion for Discovery [#64] and the Motion for Order [#65], Plaintiff seeks the Court's permission to engage in various forms of discovery. However, pursuant to Federal Rule of Civil Procedure 30 and 33, Plaintiff does not need to seek the Court's permission to engage in such discovery, as long as such discovery is conducted in accordance with the Scheduling Order that governs this case. *See Scheduling Order* [#37]. As the Court discussed at the hearing on April 23, 2012, pursuant to Rule 33, Plaintiff may serve up to twenty-five interrogatories on Defendant (which includes any person currently working for Defendant) by giving the interrogatories directly to Defendant's counsel without also giving them to the Court. Pursuant to Rule 30(b)(6), if Plaintiff chooses to take a deposition of Defendant, she must give Defendant a notice that describes "with reasonable particularity the matters for examination," and **Defendant** may choose the person or persons to attend the deposition who can best answer Plaintiff's questions. Plaintiff must also provide a location to take the deposition and pay a court reporter to make a transcript of the deposition. Plaintiff does not need to give the notice of deposition to the Court or ask the Court's permission to take the deposition. Accordingly,

IT IS FURTHER **ORDERED** that the Motion for Discovery [#64] and Motion for Order [#65] are **DENIED**, because Plaintiff does not need the Court's permission to take the actions requested.

Dated: April 25, 2012