IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00968-REB-KLM

KATHLEEN CHYTKA,

    Plaintiff,

v.

WRIGHT TREE SERVICE, INC.,

    Defendant.
_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion to the Court [for] Information** [Docket No. 74; Filed May 23, 2012]; on Plaintiff's **Motion to the Court That I May Be Awarded an Attorney by the Court** [Docket No. 76; Filed May 24, 2012]; on Plaintiff's **Motion to the Court [for] Subpoenas** [Docket No. 77; Filed May 24, 2012]; on Plaintiff's **[Motion for Order] to Add Xcel Energy Under Rule 42 and LR 7.1** [Docket No. 78; Filed May 24, 2012]; on Plaintiff's **Motion to the Court [for Order]** [Docket No. 79; Filed May 24, 2012] (collectively, "Plaintiff's Motions"); and on Defendant's **Motion to Amend Scheduling Order to (1) Allow for Seven More Hours to Complete Plaintiff's Deposition and (2) Extend the Discovery Cut[-]off for the Limited Purpose of Completing Plaintiff's Deposition** [Docket No. 83; Filed May 31, 2012] (the "Motion to Amend").

    The Court has repeatedly reminded Plaintiff, who is proceeding *pro se*, that she must comply with D.C.COLO.LCivR 7.1A.  *See* [#36, #42, #45, #52, #67, #73].  Plaintiff must tell the Court in her motions whether opposing counsel opposes the relief she requests or whether opposing counsel agrees to the relief she requests.  None of Plaintiff's Motions do so.  Plaintiff has also been warned that motions that do not comply with D.C.COLO.LCivR 7.1A. will be summarily stricken from the record.  *See, e.g.*, [#52, #73].  Accordingly,

    IT IS HEREBY **ORDERED** that Plaintiff's Motions [#74, #76, #77, #78, #79] are **STRICKEN**.

    In the Motion to Amend, Defendant seeks to depose Plaintiff for an additional seven

1

hours. Defendant further requests an extension of the discovery cut-off deadline, which was set for May 31, 2012.

Defendant provides three bases in support of its request for seven more hours of deposition time. First, Defendant notes that Plaintiff has asserted a large number of causes of action against it: "age harassment under the Age Discrimination in Employment Act, sexual harassment under Title VII, violation of the Fair Labor Standards Act, age discrimination, gender discrimination, disparate treatment under Title VII, violation of the Equal Pay Act, violation of the Employee Retirement Security Act, retaliation under Title VII, promissory estoppel, and unjust enrichment." *Motion to Amend* [#83] at 8-9 (citing to *Hill v. Kaiser-Francis Oil Co.*, No. CIV-09-07-R, 2012 WL 528280, at *3 (W.D. Okla. Feb. 17, 2012) (granting a total of fourteen hours of deposition time where the defendant "would be hard pressed to complete [the deponent's] deposition in seven hours")).

Second, Defendant provides numerous examples from Plaintiff's first deposition where Plaintiff "repeatedly provid[ed] non-responsive narratives to simple questions that could have been answered with one or two words or sentences and/or offering a large amount of additional information not requested by defense counsel, and . . . continually interrupting defense counsel's questioning." *Motion to Amend* [#83] at 9 (citing to *Auguste v. Alderden*, No. 03-cv-02256-WYD-KLM, 2008 WL 2113343, at *2 (D. Colo. May 9, 2008) (granting additional deposition time of the plaintiff where the plaintiff failed "to immediately provide straight-forward answers to straight-forward questions")).

Third, Defendant avers that Plaintiff provided additional documents on May 30, 2012, that had not been previously produced, including "EEOC records and a daily log and associated documents kept by Plaintiff regarding her employment with [Defendant] and her claims." *Motion to Amend* [#83] at 9 (citing to *City of Raton, New Mexico v. Arkansas River Power Authority*, No. CIV.08-0026 JB/WDS, 2009 WL 1300798, at *8 (D.N.M. Dec. 10, 2009) (granting additional deposition time where the defendant failed to timely produce important documents and correspondence prior to the first deposition)). Defendant also notes that the volume of documents produced by Plaintiff is large. *See Motion to Amend* [#83] at 9 (citing to Plaintiff's deposition wherein she stated that the EEOC records would "take up a full conference table," that her daily log and associated documents "could include as many as 100-400 pages," and that she would be relying "on a significant portion of her daily log to support each of her claims") (further citing to *Petersen v. Daimlerchrysler Corp.*, No. 1:06-cv-108-TC-PMW, 2010 WL 3064367, at *5 (D. Utah July 30, 2010) (granting additional deposition time due to "the relatively large number of supporting documents relied upon" by the deponent)).

In consideration of these circumstances,

IT IS FURTHER **ORDERED** that the Motion to Amend [#83] is **GRANTED**. Defendant may depose Plaintiff for an additional seven hours. **No additional deposition time will be permitted absent exceptional cause.**

      IT IS FURTHER **ORDERED** that the Discovery Deadline is extended to **July 5, 2012** for the sole purpose of taking Plaintiff's deposition.

      IT IS FURTHER **ORDERED**, *sua sponte*, that the Dispositive Motions Deadline is extended to **August 6, 2012**.

      Dated:  June 4, 2012