IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00968-REB-KLM

KATHLEEN CHYTKA,

    Plaintiff,

v.

WRIGHT TREE SERVICE, INC.,

    Defendant.

_____

### MINUTE ORDER
_____

### ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

    This matter is before the Court on Plaintiff's **Motion to Bring Terri Guild in on This Case for a Settlement on the Grounds Set Below and to the Defendants Attorneys and the Emails** [Docket No. 94; Filed June 25, 2012] (the "Motion to Bring"); on Plaintiff's **Motion for Summary Judgment** [Docket No. 96; Filed June 25, 2012]; and on Plaintiff's **Motion to Compel** [Docket No. 98; Filed June 26, 2012].

    With respect to the Motion to Compel [#98], the Court has repeatedly reminded Plaintiff, who is proceeding *pro se*, that she must comply with D.C.COLO.LCivR 7.1A.  *See* [#36, #42, #45, #52, #67, #73, #85, #89].  Plaintiff must tell the Court in her motions whether opposing counsel opposes the relief she requests or whether opposing counsel agrees to the relief she requests.  Plaintiff must tell the Court when and how she has attempted to confer with Defendant over the content of her motions.  The Motion does not provide this information.  Plaintiff has also been warned that motions that do not comply with D.C.COLO.LCivR 7.1A. will be summarily stricken from the record.  *See, e.g.*, [#52, #73, #85, #89].  Accordingly,

    IT IS HEREBY **ORDERED** that the Motion to Compel [#98] is **STRICKEN**.

    With respect to the Motion to Bring [#94],[1] Plaintiff seeks to have Terri Guild "put on

---

[1] In compliance with her obligation pursuant to D.C.COLO.LCivR 7.1A., Plaintiff states that she emailed Defendant's counsel, waited several days, and filed the Motion to Bring after failing to receive a response.  *See Motion to Bring* [#94] at 2-3.

this case." *See Motion to Bring* [#94] at 2. Plaintiff's request for relief is indecipherable. It appears that she is somehow requesting to connect Terri Guild (who may or may not also be a former employee of Defendant) to this case, although why she seeks to do so and whether Terri Guild would participate as a party or a witness is unclear. Because the relief sought by Plaintiff is unclear,

IT IS FURTHER **ORDERED** that the Motion to Bring [#94] is **DENIED WITHOUT PREJUDICE**.

With respect to the Motion for Summary Judgment [#96], this is the second request for summary judgment from Plaintiff pending on the docket. *See Motion for Summary Judgment* [#81]. Pursuant to the District Judge's Civil Practice Standards, Plaintiff is permitted to file more than one motion for summary judgment. *See* REB Civ. Practice Standard IV.B.2.[2] However, the District Judge only permits a total of twenty pages on all such motions, not twenty pages for each motion. *See id.* Plaintiff's first Motion for Summary Judgment [#81] is fourteen pages long. Plaintiff's second Motion for Summary Judgment [#96] is sixteen pages long. Thus, Plaintiff has submitted a total of thirty pages, ten more than permitted by the District Judge's Civil Practice Standards. Accordingly,

IT IS FURTHER **ORDERED** that the second Motion for Summary Judgment [#96] is **STRICKEN** for failure to comply with the District Judge's Civil Practice Standards. *See* REB Civ. Practice Standard IV.C.1. (stating that motions for summary judgment that do not comply with the District Judge's Civil Practice Standards may be stricken *sua sponte*); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (stating that *pro se* parties must "follow the same rules of procedure that govern other litigants").

The deadline for dispositive motions is set for August 6, 2012. *See* [#85]. If Plaintiff chooses, she may file a Motion to Withdraw her first Motion for Summary Judgment [#81] and separately submit a new Motion for Summary Judgment that does not exceed the District Judge's twenty-page limitation, so long as she does so no later than August 6, 2012. The twenty-page limit includes only "the motion, cover page, jurisdictional statement, statement of facts, procedural history, argument, closing, signature block, and all other matters, except for the certificate of service" and exhibits. REB Civ. Practice Standard IV.B.2.

Dated: June 27, 2012

---

[2] A copy of the District Judge's Civil Practice Standards can be found and downloaded from: http://www.cod.uscourts.gov/Documents/Judges/REB/REB_Civil_12-1-11_Final.pdf.