IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00968-REB-KLM

KATHLEEN CHYTKA,

    Plaintiff,

v.

WRIGHT TREE SERVICE, INC.,

    Defendant.
_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion to the Court to Deside on the Plaintiff Summery of Judgement for This Case on the Grounds as Follows the Plaintiff Gets a Jury Trial if the Judgement by the Court is Not for the Plaintiff Summery of Judgement** [sic] [Docket No. 118; Filed August 20, 2012] ("Motion #118"); Plaintiff's **Motion to the Court to Not Strike My Summery of Judgement or Summery of Judgement Rebuttal to the Defendants Oppositions on This Case on the Grounds as Follows the Plaintiff Gets a Jury Trial if the Judgment by the Court is Not for the Plaintiff Summery of Judgement** [sic] [Docket No. 120; Filed August 27, 2012] ("Motion #120"); Plaintiff's **Motion to the Court to Object to the Defendant Extension on This Case on the Grounds as Follows** [Docket No. 122; Filed August 27, 2012] ("Motion #122"); and on Plaintiff's **Motion to the Court to Deside on the Plaintiff Summery of Judgement for This Case on the Grounds as Follows the Plaintiff Gets a Jury Trial if the Judgement by the Court is Not for the Plaintiff Summery of Judgement** [sic] [Docket No. 124; Filed August 27, 2012] ("Motion #124").  In part, Plaintiff seeks to know why "every thing the Plaintiff asked for was denied while the Defendant that had an attorney to represent them got every thing they asked the court.  The Plaintiff would like to Know why explained in Detail?" [sic] *See* [#124] at 2.

    Throughout the course of this litigation, the Court has attempted to decipher Plaintiff's prolix filings in this matter.  *See, e.g.*, [#26, #28, #29, #30, #32, #33, #40, #41, #43, #46, #50, #53, #54, #55, #59, #60, #63, #64, #65, #68, #69, #70, #74, #76, #77, #78, #79, #81, #86, #87, #94, #96, #98, #101, #112].  The Court is mindful that it must construe the filings of a *pro se* litigant liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, many, if not most, of Plaintiff's filings have been "verbose, redundant, ungrammatical, [and] unintelligible." Pursuant to Local Rule 7.1H., the Court may strike these pleadings or impose sanctions on Plaintiff for filing them. Thus far, the Court has declined to impose sanctions on Plaintiff. The Motions at issue in this Minute Order continue to fall within the same pattern of document composition. The Court may not be a *pro se* litigant's advocate, nor should it "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

The Court has painstakingly attempted to guide this *pro se* Plaintiff through the federal legal system by written orders and at hearings. *See, e.g.*, [#22, #36, #42, #45, #52, #61, #62, #67, #73, #85, #90, #100, #105, #114]. However, a *pro se* litigant must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). Plaintiff repeatedly fails to adhere to the Federal Rules of Civil Procedure, to the Local Rules, to the District Judge's Civil Practice Standards, and to the Court's Orders and other directives. The present Motions are no exception.

Defendant appears to interpret Motion #118 as an additional motion for summary judgment by Plaintiff. *See Motion* [#120] at 3 (attaching an e-mail from Defendant's counsel to Plaintiff). Plaintiff appears to assert that Motion #118 is actually her Response to Defendant's Motion for Summary Judgment [#115]. *See Motion* [#124]. Based on this assertion, the Court accepts Motion #118 as Plaintiff's Response to Defendant's Motion for Summary Judgment.

However, as Defendant points out, Plaintiff's Response [#118] is 43 pages long, which is 23 pages longer than that permitted by the District Judge's Civil Practice Standards, Section IV.B.2.[1] The Court therefore **STRIKES** pages 21-43 of Plaintiff's Response [#118]. The Court will **only** review pages 1-20 of Plaintiff's Response [#118] along with the exhibits attached thereto on pages 45-58.

**If Plaintiff so chooses**, she **may** file an amended response to Defendant's Motion for Summary Judgment [#115] that complies in full with the District Judge's Practice Standards.[2] The Court will consider an amended response **in place of Docket Entry No. 118**. If Plaintiff does choose to file an amended response, Plaintiff **must** name the document **Amended Response to Defendant's Motion for Summary Judgment** and the document must be **no longer than 20 pages**, not including exhibits. This document **must** be filed **on or before September 10, 2012**. Any Response that does not comply with

---

[1] The Court has previously drawn Plaintiff's attention to the District Judge's Civil Practice Standards. *See* [#100] at 2.

[2] The District Judge's Civil Practice Standards can be found online at: http://www.cod.uscourts.gov/Documents/Judges/REB/REB_Civil_12-1-11_Final.pdf.

these instructions **will be** summarily stricken by the Court.

IT IS HEREBY **ORDERED** that the Clerk of the Court shall change the designation of Docket No. 118 from a Motion to a Response to Docket No. 115.

IT IS FURTHER **ORDERED** that Motion #120 is **GRANTED in part and DENIED in part**. It is **GRANTED** to the extent that pages 1-20 and the exhibits on pages 45-58 of Docket No. 118 are not stricken. It is **DENIED** to the extent that the Court **STRIKES** pages 21-43 of Docket No. 118.

IT IS FURTHER **ORDERED** that Motion #122 is **DENIED as moot**, as the Court has already granted Defendant's request for an extension of time and Defendant has since filed the relevant document. *See* [#109, #111].

IT IS FURTHER **ORDERED** that Motion #124, which appears to be another motion for summary judgment by Plaintiff, is **STRICKEN** as untimely.[3]

IT IS FURTHER **ORDERED**, *sua sponte*, that Defendant shall file a Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment [#115] **on or before September 24, 2012**.

Dated: August 30, 2012

---

[3] The final deadline for filing dispositive motions was August 16, 2012.