IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00968-REB-KLM

KATHLEEN CHYTKA,

    Plaintiff,

v.

WRIGHT TREE SERVICE, INC.,

    Defendant.

_____

### ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to the Court Not to Strick My Book of Summery of Judge Ment** [sic] [Docket No. 144; Filed November 7, 2012] (the "Motion"), which the Court interprets as a motion to reconsider its Order dated October 31, 2012 [#143].

On April 12, 2011, Plaintiff initiated this law suit alleging, among other causes of action, discrimination in violation of Title VII. On May 29, 2012, Plaintiff filed a motion for summary judgment [#81], and on August 16, 2012, Defendant filed its own motion for summary judgment [#115]. As outlined in more detail in its October 31, 2012 Order, the Court provided Plaintiff with multiple opportunities to provide compliant versions of her briefings on the motions for summary judgment. Plaintiff failed to take advantage of these opportunities.

Plaintiff here seeks reconsideration of the Court's Order striking her late-filed evidence in support of her motion for summary judgment. A motion for reconsideration "is

1

an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider are limited to the following: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

First, Plaintiff presents no argument in her Motion [#144] regarding "an intervening change in the controlling law." *Brumark Corp.* 57 F.3d at 944. Second, Plaintiff makes no assertion that the evidence she provides is new and was previously unavailable for her to submit during the briefing schedule set by the Court. *Servants of Paraclete*, 204 F.3d at 1012. In fact, every indication is that the evidence that Plaintiff wishes the Court to examine has long been available to Plaintiff but she simply chose not to file it in connection with the motions for summary judgment. Third, Plaintiff has shown neither that the Court has made a "clear error" nor that the Court's Order must be modified to "prevent manifest injustice." *Brumark Corp.* 57 F.3d at 944. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#144] is **DENIED**.

Dated: November 13, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge