IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00968-REB-KLM

KATHLEEN CHYTKA,

    Plaintiff,

v.

WRIGHT TREE SERVICE, INC.,

    Defendant.
_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion to the Court for Court to Show the Plaintiff the Court Is Not Prejudice to Make Judgement in Plaintiff Favor for Her Summery of Judgement Against the Defendant** [sic] [Docket No. 151; Filed November 19, 2012] (the "Motion").[1]

    The Court has repeatedly reminded Plaintiff, who is proceeding *pro se*, that she must comply with D.C.COLO.LCivR 7.1A.  *See, e.g.*, [#36, #42, #45, #52, #67, #73, #85, #89, #148].  Plaintiff must tell the Court in her motions whether opposing counsel opposes the

---

[1] As a courtesy, the Court reminds Plaintiff that, pursuant to Fed. R. Civ. P. 72, she has only fourteen (14) days after service of the Recommendation [#146] regarding the Motions for Summary Judgment [#81, #115] on Plaintiff's claims in order to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  Failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  Any objections by Plaintiff to the Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  The present Motion does not appear to be comprised of objections aimed at the Recommendation, but, rather, appears to ask the Court to consider additional evidence in making its original determination on the Motions for Summary Judgment, although that Recommendation was issued on November 13, 2012.  Plaintiff does not need to comply with D.C.COLO.LCivR 7.1A. when filing her objections, if any, to the Recommendation.

relief she requests or whether opposing counsel agrees to the relief she requests. Plaintiff must tell the Court when and how she has attempted to confer with Defendant over the content of her motions. The Motion does not provide this information. Plaintiff has also been warned that motions that do not comply with D.C.COLO.LCivR 7.1A. will be summarily stricken from the record. *See, e.g.*, [#52, #73, #85, #89, #148]. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#151] is **STRICKEN**.

Dated:  November 21, 2012