**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  11-cv-00968-REB-KLM

KATHLEEN CHYTKA,

      Plaintiff,

v.

WRIGHT TREE SERVICE, INC.,

      Defendant.

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

This matter is before me on the following: (1) the plaintiff's **Motion for Summary Judgment** [#81][1] filed May 29, 2012; (2) the **Defendant's Motion for Summary Judgment** [#115] filed August 16, 2012; and (3) the **Recommendation of United States Magistrate Judge** [#146] filed November 13, 2012.  The plaintiff filed five separate documents [#156, #157, #158, #160, & #161], which, with a modicum of judicial munificence, can be read as objections to the recommendation. The defendant filed a response [#175] to the plaintiff's objections.  I overrule the plaintiff's objections, approve and adopt the recommendation, deny the plaintiff's motion, deny the defendant's motion in part, and grant the defendant's motion in part.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which the plaintiff objects. I have considered carefully the

---

[1]  "[#81]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

recommendation, the objections, and the applicable case law.

The plaintiff is proceeding *pro se*. Thus, I have construed her pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff, Kathleen Chytka, is a former employee of the defendant, Wright Tree Service, Inc. In 2011, Wright Tree terminated Ms. Chytka's employment. In her complaint [#13], Ms. Chytka asserts claims under Title VII for hostile work environment, gender discrimination, disparate treatment, and retaliation. In addition, Ms. Chytka asserts claims under the Fair Labor Standards Act, the Age Discrimination in Employment Act, the Equal Pay Act, and the Employee Retirement Income Security Act. Finally, Ms. Chytka asserts state law claims for unjust enrichment and promissory estoppel.

In the recommendation [#146], the magistrate judge analyzed thoroughly each of the claims and the parties' arguments in support of their cross-motions for summary judgment. I agree with the analysis and conclusions of the magistrate judge. Having reviewed the plaintiff's objections [#156, #157, #158, #160, & #161] to the recommendation, I conclude that the plaintiff has not stated any valid objection to the recommendation.

**THEREFORE, IT IS ORDERED** as follows:

1. That any objections stated by the plaintiff in documents [#156, #157, #158, #160, & #161] are **OVERRULED**;

2. That the **Recommendation of United States Magistrate Judge** [#146] filed

November 13, 2012, is **APPROVED** and **ADOPTED** as an order of this court;

    3. That the plaintiff's **Motion for Summary Judgment** [#81] filed May 29, 2012, is **DENIED**;

    4. That the plaintiff's retaliation claim, her Eighth Claim for Relief, is **DISMISSED** without prejudice for lack of subject matter jurisdiction;

    5. That the portions of the plaintiff's age and gender discrimination claims concerning the alleged failure to promote the plaintiff to Operations Manager, part of the plaintiff's Third and Fourth Claims for Relief, are **DISMISSED** without prejudice for lack of subject matter jurisdiction;

    6. That the **Defendant's Motion for Summary Judgment** [#115] filed August 16, 2012, is **DENIED** as to the plaintiff's claim of gender discrimination to the extent that claim is based on the defendant's alleged failure to train the plaintiff, part of the plaintiff's Fourth Claim for Relief;

    7. That the **Defendant's Motion for Summary Judgment** [#115] filed August 16, 2012, is **GRANTED** as to each of the plaintiff's other claims for relief;

    8. That, thus, the one claim still pending in this case is the plaintiff's claim of gender discrimination to the extent that claim is based on the defendant's alleged failure to train the plaintiff, part of the plaintiff's Fourth Claim for Relief.

    Dated February 14, 2013, at Denver, Colorado.

                                              **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge