IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00968-REB-KLM

KATHLEEN CHYTKA,

    Plaintiff,

v.

WRIGHT TREE SERVICE, INC.,

    Defendant.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant's **Motion to Dismiss Failure to Train Claim for Failure to Exhaust Administrative Remedies** [Docket No. 207; Filed March 14, 2013] ("Defendant's Motion") and on Plaintiff's **Motion to the Court to Allow the Plaintiff Discovery to Be Allowed in to the Jury Trial. 2. Motion to the Court That the Plaintiff Did Not Get to See What the Court Decided on the Last Motion the Plaintiff Put In.  So the Plaintiff Does Not Know What the Court State About the Plaintiff Motion. Because It Would Not Open So the Plaintiff Could See It and a Copy Was Not Sent to the Plaintiff P.O. Box.  The Plaintiff is Requesting a Copy From the Court.** [Docket No. 209; Filed March 14, 2013] ("Plaintiff's Motion").

    First addressing, Plaintiff's Motion [#209], the Court notes yet again that it has repeatedly reminded Plaintiff, who is proceeding *pro se*, that she <u>must</u> comply with D.C.COLO.LCivR 7.1A.  *See, e.g.*, [#36, #42, #45, #52, #67, #73, #85, #89, #148, #151, #170, #178, #184, #202, #206].  Plaintiff <u>must</u> tell the Court in her motions whether opposing counsel opposes the relief she requests or whether opposing counsel agrees to the relief she requests.  Plaintiff must tell the Court when and how she has attempted to confer with Defendant over the content of her motions.  The Motions do not provide this information.  If Plaintiff does not understand this requirement, she must ask the Court how she can comply.  Plaintiff has also been repeatedly warned that motions that do not comply with D.C.COLO.LCivR 7.1A. will be summarily stricken from the record.  *See, e.g.*, [#52, #73, #85, #89, #148, #151, #170, #178, #184, #202, #206].  Accordingly,

    IT IS HEREBY **ORDERED** that the Motion [#209] is **STRICKEN**.  However, as a courtesy to Plaintiff,

IT IS FURTHER **ORDERED** that the Clerk of the Court shall mail a hard copy of the Court's Minute Order [#206] to Plaintiff at the address listed on the electronic docket.

Defendant's Motion [#207] addresses whether the Court has subject matter jurisdiction over the remaining claim in this action. Accordingly,

IT IS FURTHER **ORDERED** that the Final Pretrial Conference set for April 9, 2013 at 11:00 a.m. is **VACATED**. It shall be reset, if necessary, after final disposition of Defendant's Motion [#207].

IT IS FURTHER **ORDERED** that Plaintiff shall file a Response to Defendant's Motion [#207] **on or before April 4, 2013**.

Dated: March 18, 2013