**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 11-cv-00968-REB-KLM

KATHLEEN CHYTKA,

      Plaintiff,

v.

WRIGHT TREE SERVICE, INC.,

      Defendant.

**ORDER DENYING MOTION FOR RECONSIDERATION**

**Blackburn, J.**

This matter is before me on the plaintiff's filing captioned as "**I the Plaintiff ask the court for reconsideration on all the charges that the court dropped in the Pro se Plaintiffs case, On the following grounds. 2.1 the Plaintiff is asking the court to allow the female Plaintiff a jury trial.**" [#223][1] filed April 2, 2013. I deny the motion.

The plaintiff is proceeding *pro se*. Thus, I have construed her pleadings and papers with the judicial munificence due a pro se litigant. ***See Erickson v. Pardus***, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

On February 14, 2013, I entered an order [#197] adopting the recommendation of

---

[1] "[#233]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

the magistrate judge concerning motions for summary judgment filed by the plaintiff and the defendant. I denied the plaintiff's motion for summary judgment, granted the defendant's motion in part, and denied the defendant's motion in part. The plaintiff's present motion appears to seek reconsideration of my February 14, 2013, order.

The bases for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). In her motion, the plaintiff does not establish any of these bases for reconsideration of the court's order [#197].

In the alternative, the plaintiff's motion can be construed as a motion for relief from an order under FED. R. CIV. P. 60(b). Rule 60(b) relief requires a showing of exceptional circumstances warranting relief from a judgment or order. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A litigant shows exceptional circumstances by satisfying one or more of the grounds for relief enumerated in Rule 60(b). *Id*. at 1243-44. In her motion, the plaintiff does not satisfy any of the grounds for relief enumerated in Rule 60(b).

**THEREFORE, IT IS ORDERED** that the relief requested in the plaintiff's filing captioned, "**I the Plaintiff ask the court for reconsideration on all the charges that the court dropped in the Pro se Plaintiffs case, On the following grounds. 2.1 the Plaintiff is asking the court to allow the female Plaintiff a jury trial.**" [#223] filed

April 2, 2013, read as either a motion to reconsider or a motion for relief under FED. R. CIV. P. 60(b), is **DENIED**.

Dated April 3, 2013, at Denver, Colorado.

**BY THE COURT:**

*[signature: Bob Blackburn]*

Robert E. Blackburn
United States District Judge