IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00968-REB-KLM

KATHLEEN CHYTKA,

    Plaintiff,

v.

WRIGHT TREE SERVICE, INC.,

    Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Dismiss Failure to Train Claim for Failure to Exhaust Administrative Remedies** [Docket No. 207; Filed March 14, 2013] (the "Motion"). On March 18, 2013, Plaintiff, who proceeds in this matter as a *pro se* litigant, filed a document the Court has construed as a Response [#212]. *See Minute Order* [#215]. On April 3, 2013, Defendant filed a Reply [#225]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C.3., the Motion [#207] has been referred to this Court for a recommendation regarding disposition [#208]. The Court has reviewed the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#207] be **DENIED**.

**I. Summary of the Case**

One cause of action remains in this matter from a portion of Plaintiff's Fourth Claim

for relief, alleging that Plaintiff's former employer, Defendant, discriminated against her on the basis of gender by failing to train her to climb trees during her employment as a Job Planner, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq. *Order Adopting Recommendation of United States Magistrate Judge* [#197] at 3. In the present Motion [#207], Defendant argues that this remaining claim should be dismissed because Plaintiff failed to exhaust her mandatory administrative remedies with the Equal Employment Opportunity Commission ("EEOC"). The Court discussed the factual background of this case in detail in its prior Recommendation and incorporates those facts here. [#146] at 2-6.

Defendant offers a variety of vegetation management services, including clearing trees and other vegetation from utility and mechanical lines, right-of-way mowing, land clearing, herbicide application, and substation restoration and maintenance. *Ex. A, Aff. of Schuster* [#115-1] ¶ 2. In September 1999, Plaintiff started working for Defendant in the position of a Job Planner. *Ex. B, Depo. of Plaintiff* [#115-2] at 22-23. In that capacity, she was responsible for providing notice to, interacting with, obtaining permission from, and answering questions for homeowners and businesses in connection with Defendant's services, including "permitting" (when Defendant initiated contact with the customer for utility line trimming) and "running slips" (when the customer initiated contact with Defendant for custom trimming). *Id.* at 23-25, 27-36. In performing her duties for Defendant, Plaintiff worked closely with an Xcel Energy supervisor, who oversaw Defendant's trimming services around Xcel's utility lines. *Id.* at 97. Defendant terminated Plaintiff's employment effective July 6, 2009, purportedly based on issues surrounding Plaintiff's work with Xcel Energy. *Ex. A, Aff. of Schuster* [#115-1] ¶ 10.

In August 2009, Plaintiff filed a Charge of Discrimination [#207-1] with the EEOC. She asserted that Defendant had discriminated against her on the basis of her race, sex, and age. She stated, in full:

> I believe I have been discriminated against because of my age (46) in violation of the Age Discrimination in Employment Act of 1967, as amended, and because of my race (white) and sex (female) in violation of the Title VII of the Civil Rights Act of 1964, as amended, in that:
>
> My date of birth is 081862. I was performing my job of Job Planner in a satisfactory manner. On or about 070609, I was discharged when I arrived at work. I was never written up or warned prior to my discharge. The Operations Manager, Tim Hansen, has said that he was going to get rid of all the old people and women and shouldn't have the right to vote. I was told the week before my discharge that I was doing a good job.
>
> I was also denied the position of General Foreman. I had been with the company for almost ten years. I have done the General Foreman job before when the Foreman was on vacation. I trained a male Job Planner, Jaime Flores. He only had a few years with the company but was promoted over me. I was told the first time I applied for a promotion that I was not qualified enough. The second time I was told I can't train employees on how to climb and I don't speak Spanish. We have never had a General Foreman before who could speak Spanish.

*Charge of Discrimination* [#207-1]. Defendant argues that this statement does not reasonably encompass Plaintiff's claim that she was not provided with training on how to climb trees on the basis of her gender. *Motion* [#207].

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it. Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see* Fed. R. Civ. P. 12(b)(1). Statutes conferring subject-matter jurisdiction on federal courts are to be strictly

construed. *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) may take two forms: facial attack or factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true. *Id.* By contrast, when reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003. With a factual attack, the moving party challenges the facts upon which subject-matter jurisdiction depends. *Id.* The Court therefore must make its own findings of fact. *Id.* In order to make its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life Ins. Co. v.. United States*, 922 F.2d 320, 325 (6th Cir.1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir.), cert. denied, 484 U.S. 986 (1987)). The Court's reliance on "evidence outside the pleadings" to make findings concerning purely jurisdictional facts does not convert a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) into a motion for summary judgment pursuant to Fed. R. Civ. P. 56. *Id.*

The Court is mindful that it must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court may not be a *pro se* litigant's advocate, nor should it "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on her behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). A *pro se* litigant must follow the same procedural rules that

govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III. Analysis

Plaintiff asserts a claim for gender discrimination pursuant to Title VII (Claim Four), based on alleged discriminatory failure to train her to climb, trim, and remove trees. *Am. Compl.* [#13] ¶¶ 30-34. Title VII prohibits an employer who controls on-the-job training, retraining, or other training programs from discriminating against an individual because of her gender. 42 U.S.C. § 2000e-2(d); *see Anderson v. Boeing Co.*, No. 02-CV-196, 2006 WL 2990383, at *18 (N.D. Okla. Oct. 18, 2006). However, Defendant asserts that Plaintiff has failed to exhaust her mandatory administrative remedies on this claim. *Motion* [#207].

The Court of Appeals for the Tenth Circuit has held that "a plaintiff's exhaustion of his or her administrative remedies is a jurisdictional prerequisite to suit under Title VII—not merely a condition precedent to suit." *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005). "The failure to file an administrative Title VII claim before bringing suit is jurisdictionally fatal and requires dismissal pursuant to Fed. R. Civ. P. 12(b)(1)." *Underwood v. Geo Group, Inc.*, No. 10-cv-00306-LTB-KLM, 2010 WL 2653316, at *2 (D. Colo. June 30, 2010) (citing *Shikle*s, 426 F.3d at 1317). A plaintiff who invokes the court's subject matter jurisdiction "must allege in [her] pleadings the facts essential to show jurisdiction" and, if challenged, must support those allegations by a preponderance of the evidence. *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) (quotation omitted); *see United States v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999). Thus, in short, an employment-discrimination plaintiff must demonstrate exhaustion. *Cudjoe v. Indep. Sch. Dist. No. 12*, 297 F.3d 1058, 1063 (10th Cir. 2002); *see Greenlee v. U.S. Postal Serv.*, 247 Fed. App'x 953, 955 (10th Cir. 2007) (noting exhaustion pleading requirement

in connection with Title VII claim).

Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC with the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and of promoting conciliatory efforts. *See Patterson v. McLean Credit Union*, 491 U.S. 164, 180-81 (1989). Exhausting administrative remedies requires that the plaintiff timely present her claims to the EEOC and receive a right-to-sue letter based on those claims. *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). Because the charge of discrimination filed by an employee with the EEOC is intended to give the employer notice of the claim and permit conciliation prior to litigation, courts limit the scope of any Title VII claim to the matters raised in the EEOC charge and the administrative investigation that can reasonably be expected to follow that charge. *MacKenzie v. City & Cnty. of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005); *Robinson v. Bd. of Regents of Univ. of Colo.*, 390 F. Supp. 2d 1011, 1017 (D. Colo. 2005). Therefore, the question in the case at issue is whether the investigation of Plaintiff's charge could reasonably encompass her claim of gender discrimination based on failure to train her to climb trees. *See id.*

The Court finds that Plaintiff's EEOC Charge reasonably encompasses the claim at issue. First, the claim at issue alleges gender discrimination. *Am. Compl.* [#13] ¶¶ 30-34. Plaintiff checked the box on the EEOC Charge indicating that she believed that Defendant discriminated against her on the basis of gender. [#207]. Second, the claim at issue is about whether Defendant failed to train Plaintiff to climb trees. *Am. Compl.* [#13] ¶¶ 30-34. Plaintiff's EEOC Charge states that in connection with denial of her second application for

a promotion, she was told that she could not train employees on how to climb and that she could not speak Spanish. [#207]. Although the language of the EEOC Charge is less than explicit, it reasonably implies that Plaintiff was told that she was denied a promotion because she lacked certain necessary skills, including the ability to train employees to climb. Given her job responsibilities, it is clear that Plaintiff would not have lacked that ability had she been trained to climb by Defendant. The EEOC Charge therefore manifestly includes an assertion that Plaintiff was not trained to climb because of her gender and that she was denied a promotion as a result.[1] The legal standard at issue does not require that the EEOC Charge explicitly state that Defendant discriminatorily failed to train Plaintiff. Rather, the statements in the EEOC Charge must merely "reasonably encompass" her claim. *MacKenzie*, 414 F.3d at 1274; *Robinson*, 390 F. Supp. 2d at 1017. The Court finds that Plaintiff has successfully met this standard and that her EEOC Charge reasonably encompasses her claim for gender discrimination on the basis of Defendant's alleged failure to train her on how to climb trees.

## IV. Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Defendant's Motion [#207] be **DENIED**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo

---

[1] Plaintiff's failure to promote claim has been previously dismissed.

review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: April 4, 2013

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge