**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 11-cv-00968-REB-KLM

KATHLEEN CHYTKA,

      Plaintiff,

v.

WRIGHT TREE SERVICE, INC.,

      Defendant.

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

      This matter is before me on the following: (1) the defendant's **Motion to Dismiss Failure to Train Claim for Failure to Exhaust Administrative Remedies** [#207][1] filed March 14, 2013; and (2) the **Recommendation of United States Magistrate Judge** [#227] filed April 4, 2013. The defendant filed objections [#228] to the recommendation. I overrule the objections, approve and adopt the recommendation, and deny the motion to dismiss.

      The plaintiff is proceeding *pro se*. Thus, I have construed her pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

---

[1] "[#207]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which the defendant objects. I have considered carefully the recommendation, the objections, and the applicable case law.

The plaintiff, Kathleen Chytka, is a former employee of the defendant, Wright Tree Service, Inc. In 2011, Wright Tree terminated Ms. Chytka's employment. The only claim still pending in this case is Ms. Chytka's claim of gender discrimination based on Wright Tree's alleged failure to train her, part of her Fourth Claim for Relief. Ms. Chytka alleges that Wright Tree discriminated against her by failing to train her to climb trees during her employment as a Job Planner. In its motion to dismiss, Wright Tree argues that this claim must be dismissed because Ms. Chytka did not exhaust her administrative remedies on this claim.

Ms. Chytka filed a Charge of Discrimination [#207-1] with the Equal Employment Opportunity Commission in August of 2009. In her charge, Ms. Chytka addressed her two applications for a promotion to General Foreman. After her second application for this position, Ms. Chytka says she was told that she was not qualified for the position because "I can't train employees on how to climb and I don't speak Spanish. We have never had a General Foreman before who could speak Spanish." *Charge of Discrimination* [#207-1]. Wright Tree contends this statement does not reasonably encompass Ms. Chytka's claim that she was not provided with training based on her gender. Generally, courts limit the scope of a Title VII claim to the matters raised in the EEOC charge and the administrative investigation which reasonably would be expected to follow from the charge. **See, e.g., MacKenzie v. City & Cnty. of Denver**, 414 F.3d 1266, 1274 (10th Cir. 2005); **Jomes v. U.P.S., Inc.**, 502 F.3d 1176, 1187 (10th Cir.

2

2007). The magistrate judge concluded that Ms. Chytka's EEOC charge reasonably encompasses her claim of gender discrimination based on Wright Tree's alleged failure to train her how to climb trees.

In its objections [#228], Wright Tree argues that the magistrate judge erred in concluding that the EEOC charge reasonably encompasses Ms. Chytka's gender discrimination claim. Wright Tree contends that an EEOC charge is sufficient to preserve a claim only if the charge identifies specific facts that are the basis for the claim asserted in a Title VII lawsuit. In the view of Wright Tree, an investigation of Ms. Chytka's gender discrimination claim would not reasonably be expected to follow from the facts described in Ms. Chytka's EEOC charge.

Having reviewed the defendant's motion, the recommendation, the defendant's objections, and the applicable law, I find and conclude that the analysis and conclusions of the magistrate judge are correct. Thus, I conclude that Ms. Chytka's EEOC charge was sufficient to exhaust her administrative remedies on her remaining claim of gender discrimination based on a failure to train. On this basis, I agree with the magistrate judge that the defendant's motion to dismiss must be denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#227] filed April 4, 2013, is **APPROVED** and **ADOPTED** as an order of this court;

2. That the objections stated in **Defendant's Objections To Recommendation of United States Magistrate Judge** [#228] are **OVERRULED**; and

     3. That the defendant's **Motion to Dismiss Failure to Train Claim for Failure to Exhaust Administrative Remedies** [#207] filed March 14, 2013, is **DENIED**.

Dated August 27, 2013, at Denver, Colorado.

                             **BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge