IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00968-REB-KLM

KATHLEEN CHYTKA,

    Plaintiff,

v.

WRIGHT TREE SERVICE, INC.,

    Defendant.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion to the Court on How My Landlord Would Know I Was Going to Get a Court Date?** [Docket No. 273; Filed September 4, 2013] (the "Motion").[1] As a preliminary matter, the Motion does not appear to comply with D.C.COLO.LCivR 7.1A., which provides as follows:

> The Court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

As Plaintiff has been told many times before [#36, #42, #45, #52, #67, #73, #85, #89, #148, #151, #170, #178, #184, #198, #202, #206, #219, #224, #233, #242], on this basis alone, the Motion is subject to being stricken. Accordingly,

    IT IS HEREBY **ORDERED** that the Motion [#273] is **STRICKEN** for failure to comply with Local Rule 7.1A.

    However, as a courtesy to Plaintiff, the Court notes that Defendant has already sent to Plaintiff copies of all exhibits filed in support of its Motion for Summary Judgment [#115], its Reply in support of its Motion for Summary Judgment [#128], and its Motion to Dismiss

---

[1] The lengthy title of Plaintiff's Motion will not be recited in full here.

for Failure to State a Claim for Failure to Exhaust Administrative Remedies [#207]. *See Minute Order* [#254]. Defendant filed a certificate of service on the electronic docket confirming that it did so. *Certificate of Service* [#255].

  As an additional courtesy to Plaintiff, the Court informs her that it does not know her landlord's name and that the parties to this lawsuit are Plaintiff and Defendant Wright Tree Service, Inc.

  Dated: September 5, 2013