**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 11-cv-00968-REB-KLM

KATHLEEN CHYTKA,

     Plaintiff,

v.

WRIGHT TREE SERVICE, INC.,

     Defendant.

## ORDER DENYING PLAINTIFF'S MOTIONS

**Blackburn, J.**

This matter is before me on the plaintiff's filings captioned as (1) **Appeal Notice** [#266][1] filed August 8, 2013; (2) **Motion to the Court Judge Blackburn and Magistrate Mix . . .** [2] [#268] filed August 21, 2013; (3) **Plaintiff Motion in Opposition to Judge Blackburn and Mix . . .** [#269] filed August 21, 2013; (4) **Response to Judge Blackburn's Docket No 270 . . .** [#272] filed September 3, 2013; and (5) **Motion Chief Judge To the Court To Disqualify/Remove . . .** [#318] filed October 15, 2013. The defendant filed a response [#293] to the motions docketed as [#268 & 269]. The plaintiff filed a reply [#301] addressing the response [#293]. I deny each of the plaintiff's motions.

---

[1] "[#266]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] I use ellipses in the title of a filing when the full title of the document is particularly long.

The plaintiff is proceeding *pro se*. Thus, I have construed her pleadings and papers with the judicial munificence due a pro se litigant. **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972)).

In her **Appeal Notice** [#266], the plaintiff appears to ask that the defendant's summary judgment motion be resolved or that she be granted a jury trial. I read this as a motion to expedite resolution of the motion for summary judgment or to set a trial. The plaintiff fails in this motion to show that she complied with the requirement of D.C.COLO.LCivR 7.1A., that she confer with opposing counsel. On that basis alone, the motion is denied. In addition, I note that the defendant's motion for summary judgment has been resolved and this case is proceeding apace toward a trial, if one is necessary. Nothing stated by the plaintiff in her **Appeal Notice** [#266] demonstrates any arguable basis for any type of relief. Thus, this motion is denied.

In her **Motion to the Court Judge Blackburn and Magistrate Mix . . .** [#268] filed August 21, 2013, the plaintiff argues that Chief United States District Judge Marcia S. Krieger should review this case and reverse many of the orders entered by United States Magistrate Judge Kristen L. Mix and myself. The plaintiff argues also that she is entitled to various types of relief in this case, including access to information about the bases for certain decisions in this case. The plaintiff has asserted most of these arguments many times before in her filings.

The plaintiff fails to show that she complied with the requirement of D.C.COLO.LCivR 7.1A., that she confer with opposing counsel. On that basis alone, the motion is denied. A Chief United States District Judge does not have the legal

2

authority to review the rulings of the other United States district judges in the district. The reasons for the key decisions made in this case, including the resolution of dispositive motions, are stated in the orders resolving those motions. Via discovery and in the defendant's motion for summary judgment, the plaintiff has had ample access to the evidence relevant to these decisions. To the extent the motion [#268] may be read as a motion to reconsider, the plaintiff has not stated any valid basis for reconsideration of any prior orders of this court. ***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). Thus, this motion is denied.

In the **Plaintiff Motion in Opposition to Judge Blackburn and Mix . . .** [#269] filed August 21, 2013, the plaintiff asserts arguments similar to her previous arguments and seeks to have Chief Judge Krieger hear this case. For all of the reasons stated above, including the plaintiff's failure to comply with D.C.COLO.LCivR 7.1A., this motion is denied.

In her **Response to Judge Blackburn's Docket No 270 . . .** [#272] filed September 3, 2013, the plaintiff asserts arguments similar to her previous arguments, and she contends that certain procedures in this case were improper and unfair to her. There is no indication that improper or unfair procedures were followed or employed in this case. For all of the reasons stated above, including the plaintiff's failure to comply with D.C.COLO.LCivR 7.1A., this motion is denied.

In her **Motion Chief Judge To the Court To Disqualify/Remove . . .** [#318] filed October 15, 2013, the plaintiff again seeks to have Chief Judge Krieger hear this case. She contends that Magistrate Judge Mix and I have directed this case in favor of the defendant. In essence, the plaintiff claims Magistrate Judge Mix and I are biased in favor of the defendant. The plaintiff fails to show that she complied with the requirement

of D.C.COLO.LCivR 7.1A., that she confer with opposing counsel. On that basis alone, the motion is denied.

Under 28 U.S.C. § 455, a judge must recuse himself or herself when "a reasonable person, knowing all the facts, would harbor doubts about the judge's impartiality." **Bryce v. Episcopal Church in the Diocese of Colorado**, 289 F.3d 648, 659 (10th Cir. 2002) (citation omitted). Proof of actual bias is not necessary; recusal is required if the facts, from an objective perspective, admit of the appearance of bias. **Id**.; **Salt Lake Tribune Publishing Co. v. AT & T Corp.**, 353 F.Supp.2d 1160, 1172 (D. Utah 2005). Nevertheless, "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." **United States v. Hines**, 696 F.2d 722, 729 (10th Cir. 1982); **see also Bryce**, 289 F.3d at 659. Instead, "'[d]isqualification for lack of impartiality must have a *reasonable* basis.'" **See Jackson v. Fort Stanton Hospital and Training School**, 757 F.Supp. 1231, 1240 (D.N.M. 1990) (quoting H.R. Rep. No. 93-1453, 93rd Cong., 2nd Sess., 1974 U.S.C.C.A.N. 6351, 6355) (emphasis in original).

The plaintiff has shown no basis, much less a reasonable basis, for requiring the recusal of Magistrate Judge Mix or myself in this matter. Her motion is premised on arguments that have no basis in either fact or law. Rather, her motion is based on the premise that Magistrate Judge Mix and I have issued rulings adverse to the plaintiff. Without more, adverse rulings do not demonstrate bias or an appearance of bias. Thus, this motion is denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That the plaintiff's **Appeal Notice** [#266] filed August 8, 2013, read this as a

motion to expedite resolution of the motion for summary judgment or to set a trial, is **DENIED**;

    2.  That the plaintiff's **Motion to the Court Judge Blackburn and Magistrate Mix . . .** [#268] filed August 21, 2013, is **DENIED**;

    3.  That the **Plaintiff Motion in Opposition to Judge Blackburn and Mix . . .** [#269] filed August 21, 2013, is **DENIED**;

    4.  That the **Response to Judge Blackburn's Docket No 270 . . .** [#272] filed September 3, 2013, read as a motion, is **DENIED**; and

    5.  That the **Motion Chief Judge To the Court To Disqualify/Remove . . .** [#318] filed October 15, 2013, is **DENIED**.

    Dated October 23, 2013, at Denver, Colorado.

                                   **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge