IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00968-REB-KLM

KATHLEEN CHYTKA,

    Plaintiff,

v.

WRIGHT TREE SERVICE, INC.,

    Defendant.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to the Court That I the Female Pro Se Plaintiff Will Be Asking for the Following Damages Fraud, Conspiracy, Civil Economic Tort Compensation Damages, Punitive Damages, and Aggravated Damages and Not Limited to These Damages I the Pro Se Plaintiff and My Family [H]as Had to Go Threw [sic] Because of the Defendant and the Court Judges on This Case** [sic] ( the "Motion to Amend Final Pretrial Order Regarding Damages Part 1")[#332];[1] on Plaintiff's **Motion to the Court to Amend Exhibit List of I the Pro Se Plaintiff's on the Grounds That the Defendant's Attorney Got to Pick Out What Evidence of I the Pro Se Plaintiff Evidence That the Defendant Wanted to Allow in the Jury Trial. Magistrate [Judge] Mix Allowed the Defendant's Attorney to File I the Pro Se Plaintiff**

---

[1] "[#332]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

**Exhibit Evidence With the Court for the Jury Trial. See as Follows** [sic] (the "Motion to Amend Final Pretrial Order Regarding Exhibits") [#334]; on Plaintiff's **Motion to Amend Witness List on the Grounds a Protection Order Is Placed on All Pro Se Plaintiff Witnesses and the Court or the Defendant Does Not Contact An[y] Witnesses. And Other Witnesses Not Listed Will Be Allowed for Rebuttal and On the Grounds That the Defendant Should Not Have the Right to Decide Who My Witnesses Should Be and Hold Witnesses Until a Later Date from I the Pro Se Plaintiff** [#336] (the "Motion to Amend Final Pretrial Order Regarding Witnesses") [sic]; and on Plaintiff's **Motion to the Court on Amount of Damages I the Pro Se Plaintiff Is Asking for the Following Damages See as Follows Now for When the Court Sets Up a Jury Trial for the Above Said Case or the Defendant Can Settle for the Plaintiff Summ[a]ry of Judgment of $2,266,806.70** [sic] (the "Motion to Amend Final Pretrial Order Regarding Damages Part 2" [#338] (collectively, the "Motions"). Defendant filed Responses [#341, #342, #345] in opposition to the Motions.[2] Plaintiff filed Replies [#343, #344, #346]. In short, Plaintiff, who is a pro se litigant in this matter,[3] seeks to amend the following portions of the Final Pretrial

---

[2] In the Responses, Defendant notes that Plaintiff failed to properly confer pursuant to Local Rule 7.1(a) before filing the present Motions. Although the Court would normally deny the Motions on that basis alone, Defendant has made its opposition clear in its Responses. Thus, in an effort to move this matter forward in a timely manner, the Court will not here deny the Motions based on Local Rule 7.1(a). Plaintiff is reminded that she must comply with this Local Rule in all future motions.

[3] When considering Plaintiff's filings, the Court is mindful that it must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [a pro se litigant's] complaint or construct a legal theory on [her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall,* 935 F.2d at 1110). In addition, Plaintiff, as a pro se litigant, must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Order [#331] entered on November 14, 2013: (1) the type and amount of damages; (2) the witness list; and (3) the exhibit list.

A final pretrial order serves the purpose of ensuring "the economical and efficient trial of every case on its merits without chance or surprise." *Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584, 588 (10th Cir. 1987). As such, the Federal Rules of Civil Procedure permit the amendment of a Final Pretrial Order "only to prevent manifest injustice." Fed. R. Civ. P. 16(e); *see also Final Pretrial Order* [#331] at 7. The party seeking to amend the Final Pretrial Order bears the burden of establishing that manifest injustice will occur without the amendment. *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000). The decision to allow such an amendment rests within the sound discretion of the trial court. *Roberts v. Roadway Express*, 149 F.3d 1098, 1107 (10th Cir. 1998). In exercising that discretion, the Tenth Circuit has directed that courts be guided by the following factors: (1) prejudice to the party opposing the modification of the pretrial order; (2) the ability of the party opposing modification to cure the prejudice; (3) disruption to the orderly and efficient trial of the case resulting from the modification; and (4) bad faith by the party seeking to modify the pretrial order. *Koch*, 203 F.3d at 1222.

**A.    Amendment of Final Pretrial Order Regarding Plaintiff's Alleged Damages**

First, regarding amendment of the type and amount of damages, the Court notes that Plaintiff need not specify the precise amount of damages she is seeking in the Final Pretrial Order. As the Tenth Circuit has emphasized:

> Pretrial orders are to be "liberally construed to cover any of the legal or factual theories that might be embraced by their language. We have cautioned that a pretrial order is a procedural tool to facilitate the trial of a lawsuit on its merits and not to defeat it on a technicality." *Trujillo v. Uniroyal Corp.*, 608 F.2d 815, 818 (10th Cir. 1979) (quotations omitted). The primary

purpose of pretrial orders is to avoid surprise. *See Wilson v. Muckala*, 303 F.3d 1207, 1216 (10th Cir. 2002).

*Law Co., Inc. v. Mohawk Const. & Supply Co., Inc.*, 577 F.3d 1164, 1171 (10th Cir. 2009). Here, the Final Pretrial Order makes clear that one claim remains in this matter, i.e., Plaintiff's claim under Title VII based on the alleged failure of Defendant to train her to climb trees so that she would be qualified for a promotion. Thus, if Plaintiff provides proof of Defendant's liability on her Title VII claim to the satisfaction of the jury, Plaintiff is generally entitled to compensatory and noncompensatory damages to the extent that Plaintiff can provide proof of her damages at trial.[4] *See Hillman v. U.S. Postal Serv.*, No. 97-4041-SAC, 2001 WL 1448578, at *1 (D. Kan. Sept. 14, 2001). Other damages are not permitted. Therefore, the Motion to Amend Final Pretrial Order Regarding Damages Part 1 and the Motion to Amend Final Pretrial Order Regarding Damages Part 2 are **denied.**

**B.     Amendment of Final Pretrial Order Regarding Plaintiff's List of Witnesses**

Second, regarding amendment of the witness list, Plaintiff has failed to establish that manifest injustice will occur if the Court fails to add the new witnesses she lists in her motion. *See Seely v. Archuleta*, No. 08-cv-02293-LTB-KMT, 2011 WL 3625073, at *14 (D. Colo. Aug. 17, 2011). Plaintiff has had more than enough time to identify her witnesses and has failed to provide good cause as to why she did not previously do so. *See id.* (stating that "Without attempting a rigid or all-encompassing definition of 'good cause,' it would appear to require at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice . . . ." (quoting *Putnam v. Morris*, 833 F.2d 903, 904 (10th Cir. 1987)). At

---

[4] Plaintiff has not sought reinstatement or other injunctive relief.

this late stage, Defendant will be prejudiced if Plaintiff is allowed to add previously unidentified witnesses, as the discovery deadline has passed and the case is almost three years old.  However, regarding the witnesses who are ***already listed*** in the Final Pretrial Order, the Court will provide Plaintiff with **one last opportunity** to comply with the Court's direction, as explained below in Section D.  Therefore, the Motion to Amend Final Pretrial Order Regarding Witnesses is **denied without prejudice**.

C.     **Amendment of Final Pretrial Order Regarding Plaintiff's List of Exhibits**

Finally, regarding amendment of the exhibit list, the Court will also provide Plaintiff with **one last opportunity** to correct the exhibit list, as explained below in Section D. Therefore, the Motion to Amend the Final Pretrial Order Regarding Exhibits is **denied without prejudice.**

D.     **What Plaintiff Must Do If She Wants to Present Witnesses and Exhibits at Trial**

IT IS HEREBY **ORDERED** that Plaintiff must do the following if she wants to present witnesses and exhibits at trial:

1. On or before **January 23, 2014**, Plaintiff must file a Renewed Motion to Amend Witness List.  The motion must include an explanation of the testimony to be given by ***each of the witnesses already listed*** in the Final Pretrial Order.

2. On or before **January 30, 2014**, Plaintiff must file a Renewed Motion to Amend Exhibit List, along with *copies* of each exhibit she intends to present at trial.  Each exhibit must have a separate and unique name and must be separately numbered.  Plaintiff must identify which exhibits are ***already***

***listed in the Final Pretrial Order***, and which exhibits have not been provided to Defendant before.

E.  **What Will Happen if Plaintiff Does Not Comply With the Court's Instructions in Section D. Above.**

If Plaintiff does not properly and fully follow the steps outlined in Section D.1 and D.2 above, the Court will ***strike her witnesses and strike any of her exhibits not already listed in the Final Pretrial Order.*** If that happens, Plaintiff will not be permitted to present any witnesses other than herself at trial and will not be allowed to present any exhibits other than those already listed in the Final Pretrial Order at trial.

Dated: January 9, 2014

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge