IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No.  11-cv-00968-REB-KLM

KATHLEEN CHYTKA,

    Plaintiff,

v.

WRIGHT TREE SERVICE, INC.,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTIONS TO RECUSE

**Blackburn, J.**

This matter is before me on the filings of the plaintiff captioned as: (1) **Order of Complaint To The Chief Judge . . .** [#328][1] filed November 14, 2013; (2) **Motion for Action To Chief Judge Krieger . . .** [#379] filed March 27, 2014; (3) **Motion in to Judge Krieger . . .** [#380] filed March 28, 2014; (4) **Motion in to Chief Judge Krieger to have Judge Black Burn and Mix Answer . . .** [#390] filed May 15, 2014; and (5) **Petition and Motion to the Court Chief Judge Krieger . . .** [#411] filed July 9, 2014. The defendant filed responses [#381, #393, & #414], and the plaintiff filed a reply [#415].  I deny each of the motions on both procedural and substantive grounds.

The plaintiff is proceeding *pro se*. Thus, I have construed her pleadings and papers with the judicial munificence due a pro se litigant. **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v.**

---

[1] "[#328]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

***Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21 (1972)).

In her motions, the plaintiff, Kathleen Chytka, argues that the Honorable Marcia S. Krieger as Chief Judge of the United States District Court for the District of Colorado should review this case and reverse many of the orders entered by United States Magistrate Judge Kristen L. Mix and myself. Ms. Chytka argues also that she is entitled to various types of relief in this case, including access to information about the bases for certain decisions in this case. The plaintiff has asserted most of these arguments many times in many filings. I read the motions addressed in this order to seek primarily recusal of myself and United States Magistrate Judge Kristen L. Mix.

Procedurally, the plaintiff fails to demonstrate compliance with the requirement of D.C.COLO.LCivR 7.1(a) that she first confer with opposing counsel. On that basis alone, the motions are denied.

Substantively, Ms. Chytka misapprehends the applicable law. Ms. Chytka is not entitled to demand reassignment of this case to Chief Judge Krieger or to seek review by Chief Judge Krieger of previous rulings in this case. In a case not assigned to a Chief United States District Judge, the Chief Judge does not have the legal authority to review the rulings of other district judges or magistrate judges in the district. No basis for reassignment of this case under D.C.COLO.LCivR 40.1, has been established.

The reasons for the orders, rulings, and decisions of the court in this case, including the resolution of dispositive motions, are stated in the orders resolving the motions filed by the parties and on the record for the hearings held in this case. Through the discovery provided and the evidence presented in defendant's motion for summary judgment, the plaintiff has had ample access to the evidence relevant to these

decisions. In addition, the parties have conducted discovery, with any disputes resolved by Judge Mix. Thus, to the extent Ms. Chytka seeks a statement of the reasons for the decisions of the court or access to the evidence, she has been provided with those things. Her requests for additional information are denied.

Repeatedly, Ms. Chytka contends that Magistrate Judge Mix and I unfairly and improperly have directed this case in favor of the defendant. In essence, the plaintiff claims Magistrate Judge Mix and I are biased in favor of the defendant. Under 28 U.S.C. § 455, a judge must recuse himself or herself when "a reasonable person, knowing all the facts, would harbor doubts about the judge's impartiality." **Bryce v. Episcopal Church in the Diocese of Colorado**, 289 F.3d 648, 659 (10th Cir. 2002) (citation omitted). Proof of actual bias is not necessary; recusal is required if the facts, from an objective perspective, admit of the appearance of bias. **Id**.; **Salt Lake Tribune Publishing Co. v. AT & T Corp.**, 353 F.Supp.2d 1160, 1172 (D. Utah 2005). Nevertheless, "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." **United States v. Hines**, 696 F.2d 722, 729 (10th Cir. 1982); **see also Bryce**, 289 F.3d at 659. Instead, "'[d]isqualification for lack of impartiality must have a *reasonable* basis.'" **See Jackson v. Fort Stanton Hospital and Training School**, 757 F.Supp. 1231, 1240 (D.N.M. 1990) (quoting H.R. Rep. No. 93-1453, 93rd Cong., 2nd Sess., 1974 U.S.C.C.A.N. 6351, 6355) (emphasis in original).

Ms. Chytka has shown no basis, much less a reasonable basis, for requiring the recusal of Magistrate Judge Mix or myself in this matter. Her motions are premised on arguments that have no basis in either fact or law. Rather, her motions are based on the flawed logic that Magistrate Judge Mix and I have issued rulings adverse to Ms.

3

Chytka, and, *ergo*, must be biased against her. Without more – much more – adverse rulings do not demonstrate actionable bias or an appearance of bias.[2]

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Order of Complaint To The Chief Judge . . .** [#328] filed November 14, 2013, is **DENIED**;

2. That the **Motion for Action To Chief Judge Krieger . . .** [#379] filed March 27, 2014, is **DENIED**;

3. That the **Motion in to Judge Krieger . . .** [#380] filed March 28, 2014, is **DENIED**;

4. That the **Motion in to Chief Judge Krieger to have Judge Black Burn and Mix Answer . . .** [#390] filed May 15, 2014, is **DENIED**; and

5. That the **Petition and Motion to the Court Chief Judge Krieger . . .** [#411] filed July 9, 2014, is **DENIED**.

Dated August 25, 2014, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[2] Additionally, any motion to recuse Magistrate Judge Mix filed after her recusal *sua sponte* via Minute Order [#397] filed June 2, 2014, is moot. However, her recusal does not affect the viability of any order entered or action taken by Magistrate Judge Mix before her recusal.