**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  11-cv-00968-REB-KLM

KATHLEEN CHYTKA,

     Plaintiff,
v.

WRIGHT TREE SERVICE, INC.,

     Defendant.

---

**ORDER DENYING MOTIONS
FOR SUMMARY JUDGMENT & OTHER RELIEF**

---

**Blackburn, J.**

This matter is before me on the filings of the plaintiff captioned as: (1) **Motion To the Court for a Decision of I the Pro Se Plaintiffs Summery** [*sic*] **of Judgement . . .** [#347][1] filed December 27, 2013; (2) **Motion to Chief Judge Krieger or what Ever Chief Judge . . .** [#373] filed March 10, 2014; (3) **Motion to Chief Judge Krieger Judge Blackburn has no Subject Jurisdiction . . .** [#375] field March 10, 2014; (4) **Motion in an Order to Chief Judge Krieger to Up Hold The Order . . .** [#376] filed March 11, 2014; (5) **Motion to Chief Judge Krieger for action . . .** [#383] filed April 3, 2014; (6) **Motion for action to Chief Judge Krieger in opposition . . .** [#384] filed April 3, 2014; (7) **Motion to Chief Judge Krieger for action . . .** [#386] filed April 10, 2014; (8) **Motion To Chief Judge Krieger in Opposition . . .** [#394] filed May 22,

---

[1] "[#347]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

2014; (9) **Motion for Order to Chief Judge Krieger in Response . . .** [#398] filed June 3, 2014; (10) **Motion for Action to Chief Judge Krieger . . .** [#401] filed June 11, 2014; (11) **Motion To Chief Judge Krieger in Opposition . . .** [#403] filed June 18, 2014; (12) **Motion To Chief Judge Krieger for Order . . .** [#405] field June 19, 2014; (13) **Petition to the court in Motion . . .** [#408] filed July 2, 2014; (14) **Petition to the Court and Chief Judge Krieger . . .** [#409] filed July 2, 2014; (15) **Motion for Action To the Court . . .** [#416] filed August 4, 2014; (16) **Motion for Action To the Court Judges . . .** [#417] filed August 5, 2014; (17) **Motion for Action for Injunction . . .** [#418] filed August 5, 2014; (18) **Motion To the Court for an Injunction . . .** [#419] filed August 5, 2014; and (19) **Motion To the Court in Objection . . .** [#430] filed August 14, 2014. The defendant filed responses to the motions, and the plaintiff filed some replies in support of some motions. Because the plaintiff repeatedly seeks the same forms of relief in this group of motions, I address these motions as a group. I deny each of the motions on procedural and substantive grounds.

    The plaintiff is proceeding *pro se*. Thus, I have construed her pleadings and papers with the judicial munificence due a pro se litigant. **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972)).

    The plaintiff, Kathleen Chytka, has one claim remaining in this case. That claim is a claim of gender discrimination in employment based on the contention of Ms. Chytka that the defendant failed to train Ms. Chytka while she was employed by the defendant. This case is set to commence trial by jury on September 8, 2014.

    Procedurally, Ms. Chytka fails to show compliance with the requirement of

2

D.C.COLO.LCivR 7.1(a) obligating her to confer – or attempt to confer – with opposing counsel before filing a motion. Notably, this requirement is not applicable to a motion for summary judgment and failure to confer is not a basis for denial of a motion for summary judgment. However, Ms. Chytka seeks in her motions a variety of other relief which is subject to the requirements of local rule 7.1(a). Except to the extent Ms. Chytka seeks summary judgment, her motions are denied based on her non compliance with D.C.COLO.LCivR 7.1(a).

In many of her motions, Ms. Chytka, asserts that the defendant has the burden of showing why this case must go forward and proceed to trial. She appears to assert that the evidence she has placed in the record of this case establishes her claim, and it is now the burden of the defendant to refute this evidence. This assertion is not correct. At trial, Ms. Chytka, as the plaintiff, has the burden to present evidence to establish each of the essential elements of her claim by a preponderance of the evidence. If she fails to meet this burden, she is not entitled to relief on her claim. Given the procedural history of this case, the defendant does not have the burden to refute or respond to any evidence placed in the record by Ms. Chytka or to refute the claim of Ms. Chytka. At trial, the defendant may present a general defense to the claim of Ms. Chytka, but in presenting a general defense, the defendant does not have the burden of proof. Rather, a general defense is a challenge to the competency and sufficiency of evidence presented by Ms. Chytka as proof of her claim.[2]

In several of her motions, Ms. Chytka demands essentially that the court answers a litany of questions about this case. In other motions not addressed in this order, Ms.

---

[2] At trial the defendant may also seek to establish one or more affirmative defenses. For any affirmative defense, the defendant has the burden of proof by a preponderance of the evidence.

3

Chytka has made similar requests and demands. The reasons for the decisions of the court in this case, including the resolution of dispositive motions, are stated in the orders resolving the motions filed by the parties and on the record of the hearings held in this case. Through discovery and the evidence presented in support of certain motions filed by the defendant, the plaintiff has had ample access to the evidence relevant to these decisions. In addition, the parties have conducted discovery, with any disputes resolved by Judge Mix. The statutes, case law, and rules applicable to her claim and this case are readily available to her. Thus, to the extent Ms. Chytka seeks a further statement of the reasons for the decisions of the court and additional access to the evidence, she has been provided those things to the extent required by law. She has access to the applicable law. Thus, her requests for additional information are denied.

In some of her motions, Ms. Chytka seeks a default judgment under FED. R. CIV. P. 55. She claims to be entitled to a default judgment because the defendant has not demonstrated the reason this case must go forward and proceed to trial. As discussed above, the defendant need not make such a showing. The defendant has defended this case survigrously. Thus, there is no basis in fact or law for the entry of default or default judgment against the defendant.

In many of her motions, Ms. Chytka seeks summary judgment. The extant deadline for the filing of dispositive motions was August 6, 2012. **Minute Order** [#85] filed June 4, 2012. To the extent Ms. Chytka seeks summary judgment in the motions addressed in this order, her motions are denied as untimely. Further, summary judgment may be granted only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Considered individually and collectively, Ms. Chytka has not

4

made this showing in her motions.

Finally, in some of her motions, Ms. Chytka seeks injunctions requiring the court and others to undertake certain actions. The requests for injunctions are denied because Ms. Chytka has not established the factual or legal basis for the entry of an injunction. *See, e.g.,* FED. R. CIV. P. 65.

**THEREFORE IT IS ORDERED** that each of the following motions is **DENIED**:

1. The **Motion To the Court for a Decision of I the Pro Se Plaintiffs Summery of Judgement . .** [#347] filed December 27, 2013;

2. The **Motion to Chief Judge Krieger or what Ever Chief Judge . . .** [#373] filed March 10, 2014;

3. The **Motion to Chief Judge Krieger Judge Blackburn has no Subject Jurisdiction . . .** [#375] field March 10, 2014;

4. The **Motion in an Order to Chief Judge Krieger to Up Hold The Order . . .** [#376] filed March 11, 2014;

5. The **Motion to Chief Judge Krieger for action . . .** [#383] filed April 3, 2014;

6. The **Motion for action to Chief Judge Krieger in opposition . . .** [#384] filed April 3, 2014;

7. The **Motion to Chief Judge Krieger for action . . .** [#386] filed April 10, 2014;

8. The **Motion To Chief Judge Krieger in Opposition . . .** [#394] filed May 22, 2014;

9. The **Motion for Order to Chief Judge Krieger in Response . . .** [#398] filed June 3, 2014;

10. The **Motion for Action to Chief Judge Krieger . . .** [#401] filed June 11,

5

2014;

11. The **Motion To Chief Judge Krieger in Opposition . . .** [#403] filed June 18, 2014;

12. The **Motion To Chief Judge Krieger for Order . . .** [#405] field June 19, 2014;

13. The **Petition to the court in Motion . . .** [#408] filed July 2, 2014;

14. The **Petition to the Court and Chief Judge Krieger . . .** [#409] filed July 2, 2014;

15. The **Motion for Action To the Court . . .** [#416] filed August 4, 2014;

16. The **Motion for Action To the Court Judges . . .** [#417] filed August 5, 2014;

17. The **Motion for Action for Injunction . . .** [#418] filed August 5, 2014;

18. The **Motion To the Court for an Injunction . . .** [#419] filed August 5, 2014; and

19. The **Motion To the Court in Objection . . .** [#430] filed August 14, 2014.

Dated August 25, 2014, at Denver, Colorado.

                **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge