IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No.  11-cv-00968-REB-KLM

KATHLEEN CHYTKA,

    Plaintiff,

v.

WRIGHT TREE SERVICE, INC.,

    Defendant.

## ORDER QUASHING SUBPOENAS

**Blackburn, J.**

This matter is before me on the following: (1) the **Motion To Quash Subpoenas and/or for Protective Order** [#446][1] filed September 4, 2014; and (2) the letter [#447] filed on behalf of Glenn Parker on September 4, 2014.  Both of these documents concern subpoenas the plaintiff has delivered to various individuals.  I interpret the letter [#447] as, in part, a motion to quash the subpoena delivered to Glenn Parker.  I grant the motions to quash and quash all subpoenas issued by or on behalf of the plaintiff purporting to compel any individual, other than the plaintiff herself, to testify at the trial of this case.

As discussed in a recent order [#445], the plaintiff, Kathleen Chytka, may present at trial only one witness, herself.  The bases for the imposition of this limitation are discussed in my earlier order [#445] and are detailed in the February 18, 2014,

---

[1] "[#446]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

order [#367] of the court. By delivering subpoenas to a variety of other people, Ms. Chytka purports to compel these people to be present at trial and to testify at trial. Under the standing order of this court, none of these people may testify at trial. The attempts of Ms. Chytka to compel the attendance of witnesses who will not be permitted to testify at trial imposes an undue burden on each of the witnesses. Under FED. R. CIV. P. 45(c)((3)(A)(iv), the subpoenas must be quashed because they impose an undue burden on those persons named in the subpoenas.

As the defendants note, the subpoenas addressed in the motion [#446] of the defendants are not in proper form. FED. R. CIV. P. 45(a)(1)(A)(iv) requires that any subpoena in a civil action include the language of Rule 45(c) and (d). The subpoenas served by Ms. Chytka do not contain the required language. Subsection (c) of Rule 45 outlines the means by which a person subject to a facially valid subpoena may object to the subpoena and subsection (d) of Rule 45 outlines the duties of a person who is subject to a valid subpoena. Needless to say, the purpose of the requirement that the language of Rule 45(c) and (d) be included in a subpoena is to ensure that the person served with a subpoena be aware of his or her rights and duties. This requirement is not properly waived or overlooked.

On February 18, 2014, the court entered an order [#367] limiting the witnesses who may testify on behalf of the plaintiff at trial to one person, the plaintiff herself. For more than six months, the plaintiff has been aware of this limitation. In spite of this limitation, the plaintiff has served subpoenas on many people purporting to require those people to testify at the trial in this case. Given the orders [#367 & #445] limiting the witnesses who may testify on behalf of Ms. Chytka, there is no basis on which Ms. Chytka can claim that any witness subpoena prepared and delivered by her or on her

behalf is proper. On this basis, I quash all witness subpoenas issued by or on behalf of the plaintiff purporting to compel any individual, other than Ms. Chytka herself, to testify at the trial of this case.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion To Quash Subpoenas and/or for Protective Order** [#446] filed September 4, 2014, is **GRANTED**;

2. That under FED. R. CIV. P. 45(c), all witness subpoenas issued by or on behalf of the plaintiff purporting to compel any individual, other than the plaintiff, to be present or to testify at the trial of this case **ARE QUASHED**;

3. That any individual named in a witness subpoena issued by or on behalf of the plaintiff purporting to compel that individual to be present for the trial of this case and/or to testify at trial is **EXCUSED AND RELEASED** from that subpoena; and

4. That counsel for the defendants **SHALL NOTIFY** every person named in the motion [#446] of the defendants who has received a subpoena from the plaintiff that the subpoena delivered to them has been quashed and they are excused and released from that subpoena.

Dated September 5, 2014, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge

3