**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 11-cv-00968-REB-KLM

KATHLEEN CHYTKA,

    Plaintiff,

v.

WRIGHT TREE SERVICE, INC.,

    Defendant.

_____

**ORDER CONCERNING MOTION FOR ATTORNEY FEES**
_____

**Blackburn, J.**

    This matter is before me on the **Motion for Attorneys' Fees** [#473][1] filed by the defendant on October 7, 2014. The plaintiff filed two documents which are docketed as motions [#469 & #474], but which I read as responses to the motion for attorney fees. The defendant filed a reply [#475].

    In addition, the plaintiff filed **Plaintiffs Motion In Opposition To Strike the Defendants Motion To Have l the Pro Se Plaintiff pay Attorney Fees** [#476] filed November 3, 2014. The defendant filed a response [#477], and the plaintiff filed a reply [#478].

    Ms. Chytka is proceeding *pro se.* Thus, I have construed her pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v.**

---

[1] "[#473]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

*Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

I grant the defendant's motion for attorney fees in part. I deny the plaintiff's motion to strike.

## I.  BACKGROUND

The plaintiff, Kathleen Chytka, is a former employee of the defendant, Wright Tree Service, Inc. Wright Tree terminated the employment of Ms. Chytka, and she filed this employment discrimination lawsuit on April 12, 2011. Initially, Ms. Chytka acted through counsel in this case. On August 19, 2011, counsel for Ms. Chytka was permitted to withdraw. From that point forward, Ms. Chytka acted *pro se*. She continued to pursue all ten of the claims asserted by her quondam counsel in the amended complaint [#13] filed by counsel on June 27, 2011.

United States Magistrate Judge Kristin L. Mix held scheduling conference on October 27, 2011. At that conference, she provided Ms. Chytka with a form "Letter to Pro Se Litigants," effective December 1, 2009. *Minute Order* [#24], attachment [#24-1]. In the letter, Ms. Chytka was informed, *inter alia*, of the following:

> Before you file any motion, you must call the attorneys for the other parties and ask them whether they agree or disagree with what you want to do. Once you have talked to the lawyers for the other parties, you must tell the Judge in writing whether they agree or disagree with what you want to do, at the beginning of your written motion. Failure to do this will result in your motion being denied.
>
> Unless your case or personal circumstances are very unusual, the Judge cannot appoint an attorney to represent you in your case.
>
> The Judge and her law clerks are not allowed to give you legal advice.

> There are two sets of formal rules that apply to cases in this Court: (1) the Federal Rules of Civil Procedure and (2) the Local Rules for the United States District Court for the District of Colorado. Copies of both are available in the Clerk's office on the first floor of the Alfred A. Arraj United States Courthouse, 901 19th St., Denver CO 80294.
>
> Even though you don't have a lawyer representing you in your case, you are required to follow the Rules . . . . Failure to follow the rules and/or failure to follow Court orders may result in the judge ordering you to pay money to the other parties or dismissing your case.

*Id.*

Immediately after this letter was delivered to Ms. Chytka, she began repeatedly to violate the applicable rules. In an order issued December 1, 2011, the magistrate judge outlined those violations and again explained the requirements outlined in the letter. *Order* [#36].

The parties then began to file dispositive motions. Ms. Chytka attempted to file numerous motions for summary judgment and refused to comply with rules and orders relating to page limitations and briefing restrictions. *See, e.g.* [#81, #96, #98, #101, #118, #120, #124, #129, #141, #142]. In its response [#117] to the initial motion [#81] of Ms. Chytka, the defendant outlined some of the ways in which Ms. Chytka continued to defy the basic rules which had been emphasized and outlined to her repeatedly.

On November 13, 2012, the magistrate judge issued a recommendation [#146] recommending that summary judgment enter against the plaintiff on all but one of her claims. On February 15, 2013, I entered an order [#197] approving and adopting the recommendation. Ms. Chytka had not come forward with any evidence showing a genuine dispute as to any material fact concerning any of her claims, save her claim of discriminatory failure to train based on gender.

Between the time of the recommendation [#146] on November 13, 2012, any my order [#197] on February 15, 2013, Ms. Chytka made numerous verbose, repetitive, baseless, and improper filings. *Filings* [#162, #163, #164, #165, #166, #171, #173, #180, #181, #182, #185, #186, #187, #191, #194, #195]. Repeatedly, Ms. Chytka demanded from Wright Tree a settlement of not less than one million dollars.

With one claim remaining, the parties began to prepare for trial. Ms. Chytka continued to file motions seeking to relitigate the claims on which summary judgment had been granted, to reopen discovery, to shift the burden of proof to Wright Tree, to demand exhibits which had been provided to her, and to have this case reassigned to Chief United States District Judge Marcia Krieger. Repeatedly, Ms. Chytka failed to confer with the defendant before filing motions, sought reconsideration of issues previously resolved, and failed to provide factual or legal authority for the relief she sought. Repeatedly, Ms. Chytka was told by the court that her motions were baseless and often improper. *See, e.g., orders* [#267, #300, #302, #308]. Consistent with the pattern she exhibited throughout this case, Ms. Chytka essentially ignored these orders.

At a status conference held on October 9, 2013, Magistrate Judge Mix attempted to address the issues raised in the motions and other filings of Ms. Chytka and otherwise to curb the abusive litigation conduct of Ms. Chytka. *Transcript*, Oct. 9, 2013, hearing [#473-1]. Rather than follow the requirements patiently explained by Magistrate Judge Mix, Ms. Chytka continued to file numerous "petitions" and other documents directed at Chief Judge Krieger, a judge who has never been assigned to this case, as well as demands for reinstatement and/or summary judgment in favor of Ms. Chytka on the dismissed claims.

The parties proceeded to trial on the one, remaining claim. Ms. Chytka failed to provide reasonable cooperation with counsel for Wright Tree during preparations for trial. At trial, Ms. Chytka did not present evidence sufficient to establish a prima facie case of discriminatory failure to train. At the close of all of the evidence, I granted the motion of Wright Tree for entry of judgment as a matter of law under Fed. R. Civ. P. 50(a)(1). *Minutes* [#454], p. 3. Ms. Chytka appealed the summary judgment and Rule 50(a)(1) rulings of the court to the United States Court of Appeals for the Tenth Circuit. The tenth circuit upheld the dismissal of each of the claims. ***Chytka v Wright Tree Service, Inc.***, 2015 WL 1320241, at *1 (10th Cir. 2015).

Repeatedly, Ms. Chytka made baseless assertions that Wright Tree is responsible for other wrongs she says she has suffered, beyond the loss of her job with Wright Tree Service. One of many examples of such assertions is contained in her filing [#478] filed December 4, 2014. This filing is captioned as follows:

> Plaintiffs Response To Defendants Response November 24 2014 Filing Document #477. Defendants motion should be stricken to have Female Pro Se Plaintiff Pay attorney Fees to multi million dollar company that feels women should not have the same rights as the male. And are Female Children Should be raped by 34 year old males at the age or 15.

*Response* [#478], p. 1 (punctuation, capitalization, and syntax in original). In this response, Ms. Chytka says:

> On the Grounds that so many rules and laws have been violated for over 3 years against I Kathleen Chytka in the court of law. Laws that were that were set up and put in Place to Protect I a Single mother and any female from the Devastation and intent to harm, rape of a minor child, starvation, homelessness and Not Limited to that the Defendant and the court system did to I Kathleen Chytka and my family. Which totally show intent to harm negligence on the Defendants part and the Court System. So Again the

> Defendant is stated 14 years of intent to harm is not enough punishment for a s single mother and a minor Child. Is the Defendant stating that all women and children should be tortured this way for years on end?

*Id.*, pp. 1 - 2 (punctuation, capitalization, and syntax in original). Periodically in her filings, Ms. Chytka has asserted or implied that Wright Tree service somehow is responsible for the alleged rape of the 15 year old daughter of Ms. Chytka. That claim is not a basis for any of the claims asserted in her complaint, and she never has provided a scintilla of evidence to support this claim.

## II.  STANDARD OF REVIEW

Wright Tree seeks an award of attorney fees against Ms. Chytka on four legal bases. First, as a prevailing defendant in a case under Title VII, Wright Tree seeks an award of attorney fees under 42 U.S.C. § 2000e-5(k). Under that statutory provision, a district court may exercise discretion to award attorney's fees to a prevailing defendant in a Title VII case on a finding that the case brought by the plaintiff was unreasonable, frivolous, meritless, or vexatious, even if not brought in bad faith. **Christiansburg Garment Co. v. Equal Employment Opportunity Commission**, 434 U.S. 412 (1978). A claim is meritless if it is groundless or without foundation. *Id.* at 421. Attorney fees to a prevailing defendant should be awarded "not routinely, not simply because he succeeds." *Id*. When a district court awards attorney fees to a prevailing plaintiff, it is an award against a violator of federal law. The important policy considerations which support an award of attorney fees to a prevailing plaintiff are not present in the case of a prevailing defendant. *Id*. Thus, in the case of a prevailing defendant, the court must concern itself with the potential chilling effect an award of attorney fees could have on

the private enforcement of Title VII. *Id*. at 422.

Second, based on a claim asserted by Ms. Chytka under the Employee Retirement Income and Security Act (ERISA), 29 U.S.C. §§ 1001 - 1461, Wright Tree seeks an award of attorney fees under 29 U.S.C. § 1132(g). That statue permits a "court in its discretion [to] allow a reasonable attorney's fee . . . to either party." 29 USC § 1132(g).

Third, Wright Tree invokes the inherent authority of the court to assess attorney fees as a fine for wilful disobedience of a court order or when a losing party has "acted in bad faith, vexatiously, wantonly or for oppressive reasons." *See Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975). This exception to the American rule governing attorney fees also applies to bad faith in the conduct of the litigation. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 766 (1980).

Fourth, Wright Tree asserts the relevant provisions of Rule 11 of the Federal Rules of Civil Procedure as a basis for an award of attorney fees.

### III. ANALYSIS

#### A. Basis for Attorney Fee Award

Initially, Ms. Chytka brought this case through counsel. It was counsel who authored the allegations in the amended complaint [#13] and the ten legal claims asserted there. Ms. Chytka is not a lawyer, and, initially, it was reasonable for her to rely on the factual allegations and claims asserted by her counsel in the amended complaint [#13]. However, shortly after her counsel was permitted to withdraw, many of the actions of Ms. Chytka in this case became unreasonable and vexatious. On

October 27, 2011, Ms. Chytka was informed of the basic rules applicable to all litigants in this court. Immediately and incessantly, she began to violate those rules. In a court order issued December 1, 2011, Ms. Chytka was informed by the court of the nature of her violations. *Order* [#36].

In her own motions for summary judgment and in response to the motion for summary judgment of Wright Tree, Ms. Chytka had ample opportunity to present evidence in support of her claims. The magistrate judge detailed in her recommendation [#146] the reasons why Wright Tree was entitled to summary judgment on all but one of the claims of Ms. Chytka. After *de novo* review, I approved an adopted that recommendation.

Ms. Chytka continuously and contumaciously ignored the factual, evidentiary, and legal bases cited by this court in various rulings. Instead, she made numerous verbose, repetitive, baseless, and improper filings. Many of those filings required a response from Wright Tree. At the trial on her sole remaining claim, Ms. Chytka was given a full and complete opportunity to present evidence, but failed to present any evidence to support her sole remaining claim.

There is no specific point in this case when the actions of Ms. Chytka moved from a good faith pursuit of claims which, ultimately, were not winners to pursuit of such claims in a manner that was patently unreasonable, frivolous, meritless, or vexatious. However, it is clear to this court that many of the actions of Ms. Chytka in this case were unreasonable, frivolous, meritless, and vexatious. For the purpose of resolving the motion for attorney fees, I need not determine precisely which of the actions of Ms. Chytka were unreasonable, frivolous, meritless, or vexatious and which were not.

Rather, in resolving the motion, I must provide a reasonable measure of justice on the issues presented in the motion.

I view the record in this case with substantial deference to the *pro se* status of Ms. Chytka. Taking that view, I conclude that many of the actions of Ms. Chytka up to November 13, 2012, can be viewed as facially reasonable. November 13, 2012, is the date on which the recommendation [#146] was issued detailing why all but one of the claims of Ms. Chytka are baseless. Up to this time, Ms. Chytka sought to pursue claims first pled by her counsel, claims she conceivably could view as reasonable. However, not all of her actions up to this point in time were reasonable. As noted above, after her counsel withdrew and she was informed of the rules of this court, Ms. Chytka frequently violated those rules and was informed of those violations.

After the recommendation [#146], Ms. Chytka had more than fair notice of the fatal flaws in all but one of her claims. That notice became even more clarion when the recommendation [#146] was approved and adopted as an order of this court. *Order* [#197]. However, after the recommendation [#146] and after the order [#197], Ms. Chytka continued to make repeated and often repetitious filings in which she continued to assert the validity of the dismissed claims. No doubt, Ms. Chytka was entitled to object to the recommendation, but her filings concerning her dismissed claims went far beyond an objection to the recommendation. Rather, such filings occupy numerous docket entries in this case. After the recommendation [#146], Ms. Chytka continued unabated to violate the orders and rules of this court. Reminders, warnings, and further orders did nothing to dissuade Ms. Chytka. Such recusant conduct by Ms. Chytka is inherently unreasonable, frivolous, meritless, and vexatious.

As trial on her sole remaining claim approached, Ms. Chytka failed to provide reasonable cooperation with counsel for Wright Tree to accomplish routine trial preparations.  At trial, Ms. Chytka did not present evidence sufficient to establish even a prima facie case of discriminatory failure to train.  Her sole remaining claim, like her other claims, proved to be baseless.

It is not necessarily unreasonable, frivolous, meritless, or vexatious to pursue a claim to trial and lose.  However, I find and conclude that it was unreasonable, frivolous, meritless, and vexatious for Ms. Chytka to pursue her claim discriminatory failure to train based on gender to trial in the manner she pursued that claim.  She pursued this claim not by focusing on evidence to support her claim, but by making repeated frivolous filings that had little or nothing to do with the factual and legal basis for her claim.  Each such filing required the attention of the defendants and, often, a response from the defendants.  However, those filings did nothing to advance the final remaining claim to a fair resolution.  Pursuit of a factually baseless claim through the use of such litigation tactics is, without question, unreasonable, frivolous, meritless, or vexatious.

Although the record in this case is peppered with examples of unreasonable, frivolous, meritless, or vexatious actions by Ms. Chytka, not all of her actions fit that description.  As a reasonable measure of justice, I find and conclude that Wright Tree is entitled to an award of attorney fees for fees incurred by Wright Tree after November 30, 2012.  As of November 30, 2012, Ms. Chytka had an opportunity to review the recommendation [#146] of the magistrate judge detailing why all but one of the claims of Ms. Chytka are baseless.  After that date, Ms. Chytka continued to assert those claims and to pursue various vexatious litigation tactics in pursuit of her sole remaining claim.

In addition, I find and conclude that Wright Tree is entitled to an award of attorney fees for a portion of the fees it incurred in filing its motion for summary judgment and responding to the motions for summary judgment of Ms. Chytka.  The motion for summary judgment of Wright Tree and responses to the motions for summary judgment of Ms. Chytka revealed in detail the fact that the claims of Ms. Chytka were factually and legally baseless.   An award on these bases will provide to Wright Tree compensation for the vast bulk of fees incurred as a result of the unreasonable, frivolous, meritless, or vexatious actions of Ms. Chytka without also penalizing Ms. Chytka for arguably reasonable actions taken in pursuit of her claims.

The unreasonable, frivolous, meritless, and vexatious actions of Ms. Chytka justify an award of attorney fees to Wright Tree under 42 U.S.C. § 2000e-5(k), 29 U.S.C. § 1132(g), and under the standard applicable to the inherent authority of the court to assess attorney fees as a fine for wilful disobedience of a court order or when a losing party has "acted in bad faith, vexatiously, wantonly or for oppressive reasons." ***See Alyeska Pipeline Co. v. Wilderness Society***, 421 U.S. 240, 258-59 (1975). Given this context, I decline to consider the request for an award of attorney fees under Fed. R. Civ. P. 11.

Finally, I find and conclude that an award of attorney fees in this case will not have an undue chilling effect on other plaintiffs who may consider filing a lawsuit to enforce Title VII.  This is true because the award in this case is focused on the unreasonable, frivolous, meritless, or vexatious actions of Ms. Chytka.  An award with that focus will not chill others who have plausible Title VII claims from pursuing those claims in a reasonable fashion.

11

### B. Amount of Fee Award

Any determination of reasonable attorneys fees starts with a calculation of the "lodestar" amount. ***Hensley v. Eckerhart***, 461 U.S. 424, 433 (1983). The lodestar amount is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." ***Hensley***, 461 U.S. at 433. The Tenth Circuit Court of Appeals has recognized the lodestar amount as presumptively reasonable. ***Homeward Bound, Inc. v. Hissom Memorial Ctr.***, 963 F.2d 1352, 1355 (10th Cir. 1992). A "reasonable rate" is defined as the prevailing market rate in the community in question for an attorney of similar experience. ***Blum v. Stenson***, 465 U.S. 886, 895 (1984). A party seeking an award of attorney fees must establish the reasonableness of each dollar and each hour for which the party seeks an award. ***Jane L. v. Bangerter***, 61 F.3d 1505, 1510 (10th Cir. 1995).

Ms. Chytka does not challenge the reasonableness of the hourly rates charged by counsel for Wright Tree. I conclude that the hourly rates charged by counsel are reasonable. Ms. Chytka does not challenge the reasonableness of the time spent by counsel for Wright Tree defending against the claims of Ms. Chytka. Having reviewed the billing records [#473-2] of counsel for Wright Tree, I conclude that the time spent by counsel is reasonable. For the period from November 30, 2012, to the date of the motion for an award of attorney fees, I award to Wright Tree the amount of 85,633 dollars. In addition, for the fees incurred by Wright Tree in proceedings on its motion for summary judgment and its response to the motions for summary judgment of Ms. Chytka, I award to Wright Tree the amount of 10,000 dollars.

### IV.  CONCLUSION & ORDERS

As to all claims asserted in this case, Wright Tree is the prevailing party.  In the end, all of the claims of Ms. Chytka, including her claims under Title VII, proved to be without any factual or legal basis.  Most important, as this case proceeded, Ms. Chytka ignored the fact that she could not develop evidence to support her claims.  Rather, she continued to pursue her claims by often filing motions and responses that were unreasonable, frivolous, and meritless.  She frequently violated the orders and rules of this court despite frequent reminders about those rules and orders   Under these circumstances, Wright Tree is entitled to an award of attorney fees under 42 U.S.C. § 2000e-5(k), 29 U.S.C. § 1132(g), and based on the inherent authority of the court to address such abusive litigation.  On the bases described in this order, I award to Wright Tree attorney fees in the total amount of 95,633 dollars.  In addition, I note, the clerk of the court awarded costs [#466] to Wright Tree in the amount of 4,233.21 dollars.  An amended judgment should enter to reflect this award of attorney fees and costs.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion for Attorneys' Fees** [#473] filed October 7, 2014, is granted in part;

2. That the defendant, Wright Tree Service, Inc., is awarded 95,633 dollars in attorney fees to be paid by the plaintiff, Kathleen Chytka;

3. That costs in the amount of 4,233.21 dollars are taxed against the plaintiff, Kathleen Chytka, and awarded to the defendant, Wright Tree Service, Inc.;

4. That within 60 calendar days of the date of this order, the plaintiff, Kathleen

Chytka, shall pay to the defendant, Wright Tree Service, Inc., the full amount of the attorney fees and costs awarded in this order;

5. That otherwise, the **Motion for Attorneys' Fees** [#473] filed October 7, 2014, is denied;

6. That the **Motion in opposition to Strike I the Pro Se Plaintiff having to pay Attorney Fees** [#469] filed October 6, 2014, to the extent this document properly is read as a motion, is denied;

7. That the **Motion in opposition to Strike Defendant's Motion for I the Pro Se Plaintiff having to pay Attorney Fees** [#474] filed October 6, 2014, to the extent this document properly is read as a motion, is denied;

8. That the **Plaintiffs Motion In Opposition To Strike the Defendants Motion To Have I the Pro Se Plaintiff Pay Attorney Fees** [#476] filed November 3, 2014, is denied; and

9. That an amended judgment shall enter in favor of defendant, Wright Tree Service, Inc., and against the plaintiff, Kathleen Chytka, to shall include an award of attorney fees in the amount of 95,633 dollars and costs in the amount of 4,233.21 dollars, in favor of Wright Tree Service, Inc. and payable by the plaintiff, Kathleen Chytka.

Dated September 21, 2015, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge