**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  11-cv-00968-REB-KLM

KATHLEEN CHYTKA,

    Plaintiff,

v.

WRIGHT TREE SERVICE, INC.,

    Defendant.

---

## ORDER DENYING MOTION

**Blackburn, J.**

    The matter is before me on the plaintiff's untitled, *pro se* motion [#487][1] filed October 1, 2015.[2]  After reviewing the motion, the record, and the apposite law, I conclude that the motion should be denied.

    In a 13 page rant Ms. Chytka continues her morbid preoccupation with her ongoing idee fixe that she has been wronged by the court. Whether viewed as a motion to reconsider or a motion seeking relief from a judgment or order, Ms. Chytka fails to factually or legally circumstantiate a basis for relief.

    On September 23, 2015, I entered an **Order Concerning Motion for Attorney**

---

[1] "[#463]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

[2] Ms. Chytka is proceeding pro se. Thus, I continue to construe her pleadings and other filings more liberally and hold them to a less stringent standard than formal pleadings or papers drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**Fees** [#485] in which, *inter alia,* I awarded the defendant attorney fees and costs. The instant motion appears to be directed largely to that order. Viewed first as a possible motion to reconsider, I rehearse the familiar legal standard that the bases for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). Ms. Chytka falls well short of establishing any of these bases for reconsideration

In the alternative, the motion could be construed as a motion for relief from an order under FED. R. CIV. P. 60(b). Rule 60(b) relief requires a showing of exceptional circumstances warranting relief from a judgment or order. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A litigant shows exceptional circumstances by satisfying one or more of the grounds for relief enumerated in Rule 60(b). *Id*. at 1243-44. Ms. Chytka does not circumstantiate any of the grounds for relief enumerated in Rule 60(b).

**THEREFORE, IT IS ORDERED** that the defendant's motion to the court in opposition, is denied.

Dated November 19, 2015, at Denver, Colorado.

                              **BY THE COURT:**

                              /s/ Robert E. Blackburn
                              Robert E. Blackburn
                              United States District Judge